United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MACY'S, INC. AND MACYS.COM, INC., | Case No. 11-06198-SC |
| Plaintiffs, | ORDER GRANTING MOTION TO SET ASIDE DEFAULT AND DENYING MOTION FOR DEFAULT JUDGMENT |
| v. | |
| STRATEGIC MARKS, LLC, | |
| Defendant. | |

## I.   **INTRODUCTION**

Plaintiffs Macy's, Inc. and Macys.com, Inc. (collectively, "Macy's") bring this action for trademark infringement, false designation of origin, dilution, and unfair competition against Defendant Strategic Marks, LLC ("Strategic Marks").  ECF No. 1-2 ("Compl.").  On February 28, 2012, the Clerk of the Court entered default against Strategic Marks.  ECF No. 19.  Strategic Marks subsequently filed an Answer and a Counterclaim.  ECF No. 23. Macy's now moves for default judgment and Strategic Marks moves to set aside the entry of default.  ECF Nos. 20 ("Mot. for DJ"), 24 ("Mot. to Set Aside").  The motions are fully briefed.  ECF Nos. 26 ("Opp'n to Mot. for DJ"), 28 ("Reply ISO Mot. for DJ"), 29 ("Opp'n to Mot. to Set Aside"), 33 ("Reply ISO Mot. to Set Aside").  The Court finds these motions appropriate for resolution without oral

argument.  As detailed below, the Court GRANTS Strategic Marks's
Motion to Set Aside Default and DENIES Macy's Motion for Default
Judgment as moot.

**II.  <u>BACKGROUND</u>**

Macy's filed the instant action in federal court on December
9, 2011.  Macy's alleges that Strategic Marks willfully and
unlawfully infringed a number of its "world famous marks,"
including "Jordan Marsh"; "Bullock's"; "Filene's"; "Abraham &
Straus," aka "A&S"; "The Broadway"; and "The Bon Marché."  Compl.
¶¶ 2-3.

On December 20, 2011, the Summons and Complaint in this action
were personally served on Ellia Kassoff ("Kassoff"), Strategic
Marks's principal and registered agent for service.  ECF No. 13.
Frank Harrigan ("Harrigan"), the process server for Macy's,
declares that service took place at 25 Ridgeview, Irvine,
California ("25 Ridgeview"), a residence that is registered as
Strategic Marks's address for service of process.  ECF No. 31
("Harrigan Decl.") ¶ 2.   As Harrigan approached the residence, he
identified a man who matched a photograph of Kassoff sitting at a
desk inside.  <u>Id.</u>  Harrigan got the man's attention through a
window and told him that he had a summons and complaint for
Kassoff.  <u>Id.</u>  The man then walked out of the room and refused to
answer the door.  <u>Id.</u>  Harrigan left the papers on the ground, in
front of the door.  <u>Id.</u>

On January 10, 2012, Kassoff contacted counsel for Macy's,
Christopher S. Walters ("Walters"), denying that he had been
properly served but stating that he had received a copy of the

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

complaint through other sources.  ECF No. 30 ("Walters Decl.") ¶ 4.
A week later, Macy's sent additional copies of the Summons and
Complaint to Kassoff by email, UPS, and U.S. mail.  Id.  Kassoff
continued to maintain that service was not proper.  Id.

Thereafter, Macy's arranged to personally serve Kassoff for a
second time.  Harrigan Decl. ¶ 5.  On January 24, 2012, Harrigan
returned to 25 Ridgeview, where he observed the same man he had
previously served walking out of the residence.  Id.  Harrigan
approached the man and said: "Hey, Mr. Kassoff, I have these
documents for you, a summons and complaint."  Id.  When the man
denied he was Kassoff, Harrigan showed him a photograph of Kassoff
and said that he obviously was.  Id.  The man then ran away.  Id.
Harrigan left the service paperwork at the front door of 25
Ridgeview.  Id.

On January 26, 2012, Walters notified Kassoff via email, U.S.
Mail, and UPS that Macy's would move for default if an answer was
not filed on or before February 14, 2012, but that Macy's remained
willing to discuss reasonable extensions of time to respond to the
Complaint.  Walters Decl. ¶ 6, Ex. D.  Copies of the Summons and
Complaint were again attached to the correspondence.  Id.

On February 15, 2012, Macy's inquired whether Strategic Marks
intended to file an answer, but heard no response.  Id. ¶ 8.  On
February 24, 2012, Macy's inquired again, warning that it would be
filing a request for entry of default soon.  Id.  On February 27,
2012, Macy's filed such a request, and the clerk entered default
two days later.  ECF Nos. 18, 19.  On March 6, 2012, Macy's filed
its Motion for Default Judgment.  On March 28, 2012, Strategic
Marks filed its Answer along with its Counterclaim and, about one

week later, Strategic Marks also filed its Motion to Set Aside
Default.  ECF No. 23.

**III.  <u>DISCUSSION</u>**

Under Federal Rule of Civil Procedure 55(c), a court "may set
aside an entry of default for good cause."  In determining whether
good cause exists, a court considers (1) whether the party's
culpable conduct led to the default; (2) whether the party has a
meritorious defense; and (3) whether reopening the case would
prejudice the opposing party.  <u>TCI Grp. Life Ins. Plan v. Knoebber</u>,
244 F.3d 691, 696 (9th Cir. 2001).  Because these factors are
"disjunctive," a court is "free to deny the motion if any of the
three factors [is] true."  <u>Am. Ass'n of Naturopathic Physicians v.</u>
<u>Hayhurst</u>, 227 F.3d 1104, 1108 (9th Cir. 2000).  The Court's
discretion to set aside a default is "especially broad," <u>Mendoza v.</u>
<u>Wight Vineyard Mgmt.</u>, 783 F.2d 941, 945 (9th Cir. 1986), as
"judgment by default is a drastic step appropriate only in extreme
circumstances; a case should, whenever possible, be decided on the
merits."  <u>Falk v. Allen</u>, 739 F.2d 461, 463 (9th Cir. 1984).

The Court finds that Strategic Marks's actions do not rise to
the level of culpable conduct sufficient to justify leaving the
default in place.  The evidence before the Court shows that
Strategic Marks was properly served on December 20, 2011 and that
it failed to respond to Macy's Complaint within the statutory
period.  Rather than formulating a timely response to the Complaint
or negotiating an extension of the response deadline, Strategic
Marks's agent, Kassoff, refused to recognize proper service.  While
the Court does not condone Strategic Mark's conduct, it finds that,

**United States District Court**
For the Northern District of California

4

**United States District Court**
For the Northern District of California

1  in light of the fact that Strategic Marks did file its Answer soon
2  after default was entered, its neglect is excusable.  <u>See</u> Fed. R.
3  Civ. P. 60(b).

4       The Court also finds that Strategic Marks may have a
5  meritorious defense to Macy's action.  The party seeking to set
6  aside a default must establish a defense that might make the result
7  at trial different than that reached by default.  <u>Hawaii</u>
8  <u>Carpenters' Trust Funds v. Stone</u>, 794 F.2d 508, 513 (9th Cir.
9  1986).  "[T]rial courts are permitted a great deal of latitude in
10 exercising their discretion as to what constitutes a showing of
11 meritorious defense."  <u>Barclay Transp. v. Land O'Lakes, Inc.</u>, No.
12 CIV.A 1:07-CV-02065, 2008 WL 4491932, at *4 (M.D. Pa. Sept. 30,
13 2008) (quoting <u>Trueblood v. Grayson Shops of Tennessee, Inc.</u>, 32
14 F.R.D. 190, 196 (E.D. Va. 1963)).  Here, Strategic Marks has filed
15 an Answer that denies a number of Macy's key allegations and
16 asserts thirteen affirmative defenses.  The allegations in the
17 Answer are sufficient to raise the possibility that Strategic Marks
18 has a meritorious defense in this action.  Macy's attacks Strategic
19 Marks's affirmative defense that Macy's has abandoned the marks at
20 issue in this case, arguing that this defense is inconsistent with
21 other claims made by Strategic Marks in the past.  Opp'n to Mot. to
22 Set Aside at 8.  Even if this were true, Macy's does not address
23 the various other affirmative defenses raised by Strategic Marks or
24 the various denials also set forth in its Answer.

25      Finally, Macy's will not be prejudiced by setting aside the
26 entry of default.  "There is no prejudice to plaintiff where the
27 setting aside of the default has done no harm to plaintiff except
28 to require it to prove its case."  <u>Lacy v. Sitel Corp.</u>, 227 F.3d

290, 293 (5th Cir. 2000) (internal quotations and citations omitted).  Such is the case here.  The only prejudice that Macy's can point to is a delay in its request for a preliminary injunction.[1]  See Opp'n to Mot. to Set Aside at 7.  Such a delay is insufficient to justify leaving the default in place.

In sum, the Court finds that the drastic step of default judgment is inappropriate in this case.  Since default was entered, Strategic Marks has filed an Answer and a Counterclaim.  In other words, Strategic Marks now stands ready to litigate this matter.  Accordingly, setting aside the default is consistent with "the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits."  See Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

///
///
///
///
///
///
///
///
///
///
///

---

[1] Macy's also argues that, if the Court sets aside the entry of default, Strategic Marks should compensate Macy's for this prejudice by "pay[ing] all unnecessary costs and fees Macy's has expended as a result of [Strategic Mark]'s actions."  Opp'n to Mot. to Set Aside at 8.  Macy's offers no authority in support of its request.  Accordingly, the request is DENIED.

**IV.   CONCLUSION**

        For the reasons set forth above, the Court GRANTS Strategic
Marks's Motion to Set Aside Default and, accordingly, sets aside
the Clerk's entry of default.   The Court also DENIES Macy's Motion
for Default Judgment as moot.   The trial in this matter is hereby
set for June 18, 2012 and the pre-trial conference is set for June
8, 2012.


        IT IS SO ORDERED.


Dated:   April 26, 2012                    _____

                                           UNITED STATES DISTRICT JUDGE