United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MACY'S, INC. AND MACYS.COM, INC.,

Plaintiffs,

v.

STRATEGIC MARKS, LLC,

Defendant.

Case No. 11-06198-SC

ORDER GRANTING MOTION TO SET ASIDE DEFAULT AND DENYING MOTION FOR DEFAULT JUDGMENT

## I. INTRODUCTION

Plaintiffs Macy's, Inc. and Macys.com, Inc. (collectively, "Macy's") bring this action for trademark infringement, false designation of origin, dilution, and unfair competition against Defendant Strategic Marks, LLC ("Strategic Marks"). ECF No. 1-2 ("Compl."). On February 28, 2012, the Clerk of the Court entered default against Strategic Marks. ECF No. 19. Strategic Marks subsequently filed an Answer and a Counterclaim. ECF No. 23. Macy's now moves for default judgment and Strategic Marks moves to set aside the entry of default. ECF Nos. 20 ("Mot. for DJ"), 24 ("Mot. to Set Aside"). The motions are fully briefed. ECF Nos. 26 ("Opp'n to Mot. for DJ"), 28 ("Reply ISO Mot. for DJ"), 29 ("Opp'n to Mot. to Set Aside"), 33 ("Reply ISO Mot. to Set Aside"). The Court finds these motions appropriate for resolution without oral

argument. As detailed below, the Court GRANTS Strategic Marks's Motion to Set Aside Default and DENIES Macy's Motion for Default Judgment as moot.

## II. BACKGROUND

Macy's filed the instant action in federal court on December 9, 2011. Macy's alleges that Strategic Marks willfully and unlawfully infringed a number of its "world famous marks," including "Jordan Marsh"; "Bullock's"; "Filene's"; "Abraham & Straus," aka "A&S"; "The Broadway"; and "The Bon Marché." Compl. ¶¶ 2-3.

On December 20, 2011, the Summons and Complaint in this action were personally served on Ellia Kassoff ("Kassoff"), Strategic Marks's principal and registered agent for service. ECF No. 13. Frank Harrigan ("Harrigan"), the process server for Macy's, declares that service took place at 25 Ridgeview, Irvine, California ("25 Ridgeview"), a residence that is registered as Strategic Marks's address for service of process. ECF No. 31 ("Harrigan Decl.") ¶ 2. As Harrigan approached the residence, he identified a man who matched a photograph of Kassoff sitting at a desk inside. Id. Harrigan got the man's attention through a window and told him that he had a summons and complaint for Kassoff. Id. The man then walked out of the room and refused to answer the door. Id. Harrigan left the papers on the ground, in front of the door. Id.

On January 10, 2012, Kassoff contacted counsel for Macy's, Christopher S. Walters ("Walters"), denying that he had been properly served but stating that he had received a copy of the

United States District Court
For the Northern District of California

complaint through other sources. ECF No. 30 ("Walters Decl.") ¶ 4. A week later, Macy's sent additional copies of the Summons and Complaint to Kassoff by email, UPS, and U.S. mail. Id. Kassoff continued to maintain that service was not proper. Id.

Thereafter, Macy's arranged to personally serve Kassoff for a second time. Harrigan Decl. ¶ 5. On January 24, 2012, Harrigan returned to 25 Ridgeview, where he observed the same man he had previously served walking out of the residence. Id. Harrigan approached the man and said: "Hey, Mr. Kassoff, I have these documents for you, a summons and complaint." Id. When the man denied he was Kassoff, Harrigan showed him a photograph of Kassoff and said that he obviously was. Id. The man then ran away. Id. Harrigan left the service paperwork at the front door of 25 Ridgeview. Id.

On January 26, 2012, Walters notified Kassoff via email, U.S. Mail, and UPS that Macy's would move for default if an answer was not filed on or before February 14, 2012, but that Macy's remained willing to discuss reasonable extensions of time to respond to the Complaint. Walters Decl. ¶ 6, Ex. D. Copies of the Summons and Complaint were again attached to the correspondence. Id.

On February 15, 2012, Macy's inquired whether Strategic Marks intended to file an answer, but heard no response. Id. ¶ 8. On February 24, 2012, Macy's inquired again, warning that it would be filing a request for entry of default soon. Id. On February 27, 2012, Macy's filed such a request, and the clerk entered default two days later. ECF Nos. 18, 19. On March 6, 2012, Macy's filed its Motion for Default Judgment. On March 28, 2012, Strategic Marks filed its Answer along with its Counterclaim and, about one

week later, Strategic Marks also filed its Motion to Set Aside Default. ECF No. 23.

**III. DISCUSSION**

Under Federal Rule of Civil Procedure 55(c), a court "may set aside an entry of default for good cause." In determining whether good cause exists, a court considers (1) whether the party's culpable conduct led to the default; (2) whether the party has a meritorious defense; and (3) whether reopening the case would prejudice the opposing party. TCI Grp. Life Ins. Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir. 2001). Because these factors are "disjunctive," a court is "free to deny the motion if any of the three factors [is] true." Am. Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1108 (9th Cir. 2000). The Court's discretion to set aside a default is "especially broad," Mendoza v. Wight Vineyard Mgmt., 783 F.2d 941, 945 (9th Cir. 1986), as "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984).

The Court finds that Strategic Marks's actions do not rise to the level of culpable conduct sufficient to justify leaving the default in place. The evidence before the Court shows that Strategic Marks was properly served on December 20, 2011 and that it failed to respond to Macy's Complaint within the statutory period. Rather than formulating a timely response to the Complaint or negotiating an extension of the response deadline, Strategic Marks's agent, Kassoff, refused to recognize proper service. While the Court does not condone Strategic Mark's conduct, it finds that,

United States District Court
For the Northern District of California

in light of the fact that Strategic Marks did file its Answer soon after default was entered, its neglect is excusable. See Fed. R. Civ. P. 60(b).

The Court also finds that Strategic Marks may have a meritorious defense to Macy's action. The party seeking to set aside a default must establish a defense that might make the result at trial different than that reached by default. Hawaii Carpenters' Trust Funds v. Stone, 794 F.2d 508, 513 (9th Cir. 1986). "[T]rial courts are permitted a great deal of latitude in exercising their discretion as to what constitutes a showing of meritorious defense." Barclay Transp. v. Land O'Lakes, Inc., No. CIV.A 1:07-CV-02065, 2008 WL 4491932, at *4 (M.D. Pa. Sept. 30, 2008) (quoting Trueblood v. Grayson Shops of Tennessee, Inc., 32 F.R.D. 190, 196 (E.D. Va. 1963)). Here, Strategic Marks has filed an Answer that denies a number of Macy's key allegations and asserts thirteen affirmative defenses. The allegations in the Answer are sufficient to raise the possibility that Strategic Marks has a meritorious defense in this action. Macy's attacks Strategic Marks's affirmative defense that Macy's has abandoned the marks at issue in this case, arguing that this defense is inconsistent with other claims made by Strategic Marks in the past. Opp'n to Mot. to Set Aside at 8. Even if this were true, Macy's does not address the various other affirmative defenses raised by Strategic Marks or the various denials also set forth in its Answer.

Finally, Macy's will not be prejudiced by setting aside the entry of default. "There is no prejudice to plaintiff where the setting aside of the default has done no harm to plaintiff except to require it to prove its case." Lacy v. Sitel Corp., 227 F.3d

United States District Court
For the Northern District of California

290, 293 (5th Cir. 2000) (internal quotations and citations omitted). Such is the case here. The only prejudice that Macy's can point to is a delay in its request for a preliminary injunction.[1] See Opp'n to Mot. to Set Aside at 7. Such a delay is insufficient to justify leaving the default in place.

In sum, the Court finds that the drastic step of default judgment is inappropriate in this case. Since default was entered, Strategic Marks has filed an Answer and a Counterclaim. In other words, Strategic Marks now stands ready to litigate this matter. Accordingly, setting aside the default is consistent with "the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." See Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

///

///

///

///

///

///

///

///

///

///

///

[1] Macy's also argues that, if the Court sets aside the entry of default, Strategic Marks should compensate Macy's for this prejudice by "pay[ing] all unnecessary costs and fees Macy's has expended as a result of [Strategic Mark]'s actions." Opp'n to Mot. to Set Aside at 8. Macy's offers no authority in support of its request. Accordingly, the request is DENIED.

United States District Court
For the Northern District of California

## IV. CONCLUSION

For the reasons set forth above, the Court GRANTS Strategic Marks's Motion to Set Aside Default and, accordingly, sets aside the Clerk's entry of default. The Court also DENIES Macy's Motion for Default Judgment as moot. The trial in this matter is hereby set for June 18, 2012 and the pre-trial conference is set for June 8, 2012.

IT IS SO ORDERED.

Dated: April 26, 2012

UNITED STATES DISTRICT JUDGE