BENJAMIN ASHUROV (SBN# 271716)
*Bashurov@KB-Ash.com*
KB ASH Law Group
5674 Sonoma Drive, Suite A
Pleasanton, CA 94566
Telephone:   (415) 754-9346
Facsimile:   (925) 734-8125

Attorneys for Defendant
STRATEGIC MARKS, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| MACY'S, INC. and MACYS.COM, INC., <br><br> Plaintiffs, <br> v. <br><br> STRATEGIC MARKS, LLC, <br><br> Defendant. | CASE NO. 3:11-cv-06198-SC <br><br> **DEFENDANT'S** <br><br> **(1) FIRST AMENDED ANSWER AND COUNTERCLAIMS; AND** <br><br> **(2) SUPPLEMENTAL COUNTERCLAIM** <br><br> **DEMAND FOR JURY TRIAL** <br><br> Assigned Judge:  Honorable Samuel Conti <br> Complaint Filed: December 9, 2011 |
| STRATEGIC MARKS, LLC, <br><br> Counter-Claimant, <br> v. <br><br> MACY'S, INC. and MACYS.COM, INC., <br><br> Counter-Defendants. | |

-1-

**DEFENDANT'S (1) FIRST AMENDED ANSWER AND COUNTERCLAIMS, and (2) SUPP. COUNTERCLAIM**      **Case No. 3:11-cv-06198-SC**

## DEFENDANT'S FIRST AMENDED ANSWER

Defendant Strategic Marks, LLC ("Strategic Marks" or "Defendant"), by and through its attorney, submits Defendant's First Amended Answer and Counterclaims to Plaintiffs Macy's, Inc. and Macys.com, Inc. (collectively, "Macy's," "Plaintiffs" or "Counter-Defendants") Complaint for Trademark Infringement, False Designation of Origin, Dilution, and Unfair Competition ("Complaint") as follows:

Defendant was not served properly by Plaintiffs. However, due to the Notice of Default issued in this case and the corresponding motion associated therewith, Defendant has made an appearance in this case. Defendant continues to hold that service was defective.

### NATURE OF THE ACTION

1.      Responding to ¶ 1 of the Complaint, Defendant admits this action is purportedly one for trademark infringement, false designation of origin, unfair competition, and dilution arising under the Lanham Act, 15 U.S.C. § 1051 et seq., and federal and state common law. Defendant lacks sufficient information to form a belief regarding the truth of the allegation set forth in ¶ 1 of the Complaint that Defendant has caused "confusion, mistake, and deception among customers and potential customers," and therefore denies said allegation. Defendant denies the remaining allegations set forth in ¶ 1 of the Complaint.

2.      Responding to ¶ 2 of the Complaint, Defendant admits the following:

a.      Macy's, Inc. (located at 7 West Seventh Street, Cincinnati, Ohio 45202) is identified as the last listed owner of the Trademark "ABRAHAM & STRAUS", U.S. Trademark Registration No. 204,692, registered October 20, 1925 and cancelled February 9, 2011, which is identified on the U.S. Patent and Trademark Office website as a "Dead" mark.

b.      Macy's, Inc. (located at 7 West Seventh Street, Cincinnati, Ohio 45202) is identified as the last listed owner of the Service Mark "A&S" (for Retail Department Store Services), U.S. Trademark Registration No. 1,253,265, registered October 4, 1983.

c.      Macy's, Inc. (located at 7 West Seventh Street, Cincinnati, Ohio 45202) is identified as the last listed owner of the Service Mark "THE BROADWAY" (for Retail Department Store Services), U.S. Trademark Registration No. 861,820, registered December 10, 1968 and

-2-

cancelled December 14, 2010, which is identified on the U.S. Patent and Trademark Office website as a "Dead" mark.

           d.      Federated Department Stores, Inc. (located at 7 West Seventh Street, Cincinnati, Ohio 45202) is identified as the last listed owner of the Service Mark "JORDAN MARSH" (for Retail Department Store Services), U.S. Trademark Registration No. 2,022,118, registered December 10, 1996 and cancelled September 15, 2007, which is identified on the U.S. Patent and Trademark Office website as a "DEAD" mark.

           e.      Macy & Co., Inc. (located at 151 West 34th Street, New York, New York 10001) is identified as the last listed owner of the Service Mark "BULLOCK'S (for Retail Department Store Services), U.S. Trademark Registration No. 898,464, registered September 8, 1970 but currently expired, which is identified on the U.S. Patent and Trademark Office website as a "DEAD" mark.

           f.      Macy's, Inc. (located at 7 West Seventh Street, Cincinnati, Ohio 45202) is identified as the last listed owner of the Service Mark "ROBINSONS-MAY" (for Retail Department Store Services), U.S. Trademark Registration No. 1,793,132, registered September 14, 1993.

           g.      Macy's, Inc. (located at 7 West Seventh Street, Cincinnati, Ohio 45202) is identified as the last listed owner of the Service Mark "FILENE'S" (for Retail Department Store Services), U.S. Trademark Registration No. 1,960,415, registered March 5, 1996. Defendant is informed and believes and on that basis denies Macy's makes bona fide use of these marks in commerce. Defendant lacks sufficient information to form a belief regarding the truth of the remaining allegations therein and therefore denies the remaining allegations in ¶ 2 of the Complaint.

    3.      Defendant lacks sufficient information to form a belief regarding the truth of the allegations therein and therefore denies the allegations in ¶ 3 of the Complaint.

    4.      Responding to ¶ 4 of the Complaint, Defendant admits this action is purportedly one for trademark infringement, false designation of origin, unfair competition, and dilution of the Heritage Marks. Defendant lacks sufficient information to form a belief regarding the truth of the remaining allegations therein and therefore denies the remaining allegations in ¶ 4 of the Complaint.

    5.      Responding to ¶ 5 of the Complaint, Defendant admits Macy's prays for a monetary award and the issuance of preliminary and permanent injunctions against Defendant in this action.

**DEFENDANT'S (1) FIRST AMENDED ANSWER AND**        **Case No. 3:11-cv-06198-SC**
**COUNTERCLAIMS, and (2) SUPP. COUNTERCLAIM**

Defendant lacks sufficient information to form a belief regarding the truth of the remaining allegations therein and therefore denies the remaining allegations in ¶ 5 of the Complaint.

<u>THE PARTIES</u>

6.      Defendant lacks sufficient information to form a belief regarding the truth of the allegations therein and therefore denies the allegations in ¶ 6 of the Complaint.

7.      Defendant lacks sufficient information to form a belief regarding the truth of the allegations therein and therefore denies the allegations in ¶ 7 of the Complaint.

8.      Defendant admits the allegations in ¶ 8 of the Complaint.

<u>JURISDICTION AND VENUE</u>

9.      Responding to ¶ 9 of the Complaint, Defendant admits that this action purports to arise under the trademark laws of the United States and statutory and common law trademark and unfair competition laws of the state of California, and that this Court has jurisdiction over the subject matter of this action.  Defendant also admits that this Court has jurisdiction over the subject matter of this action.  Defendant lacks sufficient information to form a belief regarding the truth of the remaining allegations therein and therefore denies the remaining allegations set forth in ¶ 9 of the Complaint.

10.     Responding to ¶ 10 of the Complaint, Defendant admits that it does business in this Judicial District and is subject to the personal jurisdiction of this Court.  Defendant denies the remaining allegations set forth in ¶ 10 of the Complaint.

11.     Defendant admits that venue is proper, but denies the remaining allegations in ¶ 11 of the Complaint.

<u>INTRADISTRICT ASSIGNMENT</u>

12.     Defendant admits the allegations in ¶ 12 of the Complaint.

<u>FACTUAL BACKGROUND</u>

13.     Responding to ¶ 13 of the Complaint, Defendant admits several retail department stores operate in the United States under the name "Macy's."  Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in ¶ 13 of the Complaint and on that basis denies them.

///

-4-

**DEFENDANT'S (1) FIRST AMENDED ANSWER AND**          **Case No. 3:11-cv-06198-SC**
**COUNTERCLAIMS, and (2) SUPP. COUNTERCLAIM**

14.     Responding to ¶ 14 of the Complaint, Defendant denies Macy's owns any retail stores in the United States named "Jordan Marsh," "Bullock's," "Robinsons-May," "Filene's," "Abraham & Straus," "The Broadway," or "The Bon Marché."  Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in ¶ 14 of the Complaint and on that basis denies them.

15.     Responding to ¶ 15 of the Complaint, Defendant admits "Jordan Marsh," "Bullock's," "Robinsons-May," "Filene's," "Abraham & Straus," "The Broadway" and "The Bon Marché" were well-known names of well-loved department stores of the 20th century.  Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in ¶ 15 of the Complaint and on that basis denies them.

16.     Responding to ¶ 16 of the Complaint, Defendant admits the following:

a.     Macy's, Inc. (located at 7 West Seventh Street, Cincinnati, Ohio 45202) is identified as the last listed owner of the Service Mark "ROBINSONS-MAY" (for Retail Department Store Services), U.S. Trademark Registration No. 1,793,132, registered September 14, 1993.

b.     Macy's, Inc. (located at 7 West Seventh Street, Cincinnati, Ohio 45202) is identified as the last listed owner of the Service Mark "FILENE'S" (for Retail Department Store Services), U.S. Trademark Registration No. 1,960,415, registered March 5, 1996.

c.     Macy's, Inc. (located at 7 West Seventh Street, Cincinnati, Ohio 45202) is identified as the last listed owner of the Service Mark "MAY" (for Retail Department Store Services), U.S. Trademark Registration No. 1,728,405, registered October 27, 1992.
Defendant denies the remaining allegations in ¶ 16 of the Complaint.

17.     Responding to ¶ 17 of the Complaint, Defendant admits "Jordan Marsh," "Bullock's," "Robinsons-May," "Filene's," "Abraham & Straus," "The Broadway" and "The Bon Marché" were well-known names of well-loved department stores of the 20th century.  Defendant denies the remaining allegations in ¶ 17 of the Complaint.

18.     Defendant denies the allegations in ¶ 18 of the Complaint.

19.     Responding to ¶ 19 of the Complaint, Defendant is informed and believes and on that basis denies that Macy's makes bona fide or authorized use of the "Jordan Marsh," "Bullock's,"

-5-

**DEFENDANT'S (1) FIRST AMENDED ANSWER AND**          **Case No. 3:11-cv-06198-SC**
**COUNTERCLAIMS, and (2) SUPP. COUNTERCLAIM**

"Robinsons-May," "Filene's," "Abraham & Straus," "The Broadway" and "The Bon Marché" marks in commerce in the United States or within its Macys.com website.  Defendant is without knowledge or information sufficient to from a belief as to the truth or falsity of the remaining allegations in ¶ 19 of the Complaint and on that basis denies them..

20.     Defendant denies the allegations in ¶ 20 of the Complaint.

21.     Responding to ¶ 21 of the Complaint Defendant admits that the relevant consuming public recognizes the "Jordan Marsh," "Bullock's," "Robinsons-May," "Filene's," "Abraham & Straus," "The Broadway" and "The Bon Marché" marks as indicating the Retro Department Stores chain owned and operated by Strategic Marks as a single source of origin.  Defendant denies the remaining the allegations in ¶ 21 of the Complaint.

22.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 22 of the Complaint and on that basis denies them.

23.     Responding to ¶ 23 of the Complaint, Defendant admits "Jordan Marsh," "Bullock's," "Robinsons-May," "Filene's," "Abraham & Straus," "The Broadway" and "The Bon Marché" were well-known names of well-loved department stores of the 20th century.  Defendant denies that it seeks to usurp goodwill associated with any marks that are owned and/or enforceable by Macy's, or to dilute any such marks.  Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 23 of the Complaint and on that basis denies them.

24.     Responding to ¶ 24 of the Complaint, Defendant admits that it applied in September, 2010 for the U.S. registrations referenced in ¶ 25 (applications to register the "Allegedly Infringing Marks"), but denies the remaining allegations in ¶ 24 of the Complaint.

25.     Responding to ¶ 25 of the Complaint, Defendant admits that it applied for the U.S. trademark registrations listed in ¶ 25 of the Complaint, but denies that the scope of the goods and services listed in ¶ 25 accurately reflects the scope of goods and services identified in Defendant's applications.  Defendant also denies the Allegedly Infringing Marks are infringing.

26.     Responding to ¶ 26 of the Complaint, Defendant admits that it offers T-shirts for sale in its virtual stores (which can be accessed through links on its website, www.retrodepartmentstores.com) which bear upon them stylized versions of the names of the virtual stores by which they are offered,

-6-

i.e.: "Bullock's ™," "May Company ™," "Robinsons ™," "Jordan Marsh ™." "Filene's™," "The Broadway ®," "The Bon Marché ™," and "Abraham & Straus ™." Defendant also admits the typestyles used for printing the names of the virtual stores herein referenced on the T-shirts are similar to some of the correlating typestyles reflected in ¶ 27 of the Complaint. Defendant also admits that the document attached to the Complaint as Exhibit B accurately reflects content from an old version of the home page for Defendant's www.retrodepartmentstores.com website. Defendant denies all remaining allegations in ¶ 26 of the Complaint.

27.     Responding to ¶ 27 of the Complaint, Defendant admits it has used all the typestyles included therein, except for the "A&S" typestyle shown at 8:11-13 of the Complaint and the "Filene's" typestyle shown at 9:01-05 of the Complaint. Defendant denies all remaining allegations in ¶ 27 of the Complaint.

28.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 28 of the Complaint and on that basis denies them.

29.     Responding to ¶ 29 of the Complaint, Defendant admits "Jordan Marsh," "Bullock's," "Robinsons-May," "Filene's," "Abraham & Straus," "The Broadway" and "The Bon Marché" were well-known names of well-loved department stores of the 20th century. Defendant also admits the following content appears on the "Home" page of its www.retrodepartmentstores.com website: "Strategic Mark LLC's goal is to bring back the old shopping experiences and brands you remember." Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in ¶ 29 of the Complaint and on that basis denies them.

30.     Responding to ¶ 30 of the Complaint, Defendant admits "Jordan Marsh," "Bullock's," "Robinsons-May," "Filene's," "Abraham & Straus," "The Broadway" and "The Bon Marché" were well-known names of well-loved department stores of the 20th century. Defendant also admits that the document attached to the Complaint as Exhibit C accurately reflects content from an old version of Defendant's "Bullock's" virtual store. Defendant denies that it seeks to usurp goodwill associated with any marks that are owned and/or enforceable by Macy's, or to dilute any such marks. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in ¶ 30 of the Complaint and on that basis denies them.

**DEFENDANT'S (1) FIRST AMENDED ANSWER AND
COUNTERCLAIMS, and (2) SUPP. COUNTERCLAIM**                    **Case No. 3:11-cv-06198-SC**

31.     Responding to ¶ 31, Defendant admits Macy's has not expressly consented to Defendant's use of any of the Allegedly Infringing Marks, but denies the remaining allegations in ¶ 31 of the Complaint.

32.     Defendant denies the allegations in ¶ 32 of the Complaint.

33.     Defendant denies the allegations in ¶ 33 of the Complaint.

34.     Defendant denies the allegations in ¶ 34 of the Complaint.

35.     Responding to ¶ 35 of the Complaint, Defendant admits the following content appears on the "About" page of its www.retrodepartmentstores.com website:

**Bringing Back Nine Stores**

> Now, through Retro Departmentsores.com, we brought back nine of the great department stores of the 20[th] century: Joseph Magnin, Bullock's, May, Robinson's May, Jordan Marsh, Filene's, The Broadway, The Bon Marche, and Abraham & Strauss, and re-build and restore these well-loved brands.

Defendant denies that it seeks to usurp goodwill and secondary meaning of any marks that are owned and/or enforceable by Macy's.  Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in ¶ 35 of the Complaint and on that basis denies them.

<u>FIRST CLAIM FOR RELIEF</u>

<u>INFRINGEMENT OF FEDERALLY REGISTERED TRADEMARKS</u>

36.     Defendant incorporates herein by references, its responses to paragraphs 1 through 35 as if fully set forth and reinstated herein.

37.     Defendant denies the allegations in ¶ 37 of the Complaint.

38.     Defendant denies the allegations in ¶ 38 of the Complaint.

39.     Defendant denies the allegations in ¶ 39 of the Complaint.

40.     Defendant denies the allegations in ¶ 40 of the Complaint.

<u>SECOND CLAIM FOR RELIEF</u>

<u>FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION</u>

41.     Defendant incorporates herein by references, its responses to paragraphs 1 through 40 as if fully set forth and reinstated herein.

-8-

**DEFENDANT'S (1) FIRST AMENDED ANSWER AND**          **Case No. 3:11-cv-06198-SC**
**COUNTERCLAIMS, and (2) SUPP. COUNTERCLAIM**

42.     Responding to ¶ 42 of the Complaint, Defendant admits Plaintiffs are asserting in this action provisions of the Trademark Act of 1946, 15 U.S.C. § 1051 et seq., and in particular 15 U.S.C. § 1125(a), and are alleging the use in commerce of false designations of origin and false descriptions and representations.

43.     Defendant denies the allegations in ¶ 43 of the Complaint.

44.     Defendant denies the allegations in ¶ 44 of the Complaint.

45.     Defendant denies the allegations in ¶ 45 of the Complaint.

46.     Defendant denies the allegations in ¶ 46 of the Complaint.

THIRD CLAIM FOR RELIEF

FEDERAL TRADEMARK DILUTION

47.     Defendant incorporates herein by references, its responses to paragraphs 1 through 46 as if fully set forth and reinstated herein.

48.     Responding to ¶ 48 of the Complaint, Defendant admits Plaintiffs are asserting in this action provisions of the Trademark Act of 1946, 15 U.S.C. § 1051 et seq., and in particular 15 U.S.C. § 1125(a), and are alleging the use in commerce by Defendant of the Heritage Marks and dilution thereof.

49.     Defendant denies the allegations in ¶ 49 of the Complaint.

50.     Responding to ¶ 50, Defendant admits "Jordan Marsh," "Bullock's," "Robinsons-May," "Filene's," "Abraham & Straus," "The Broadway" and "The Bon Marché" were well-known names of well-loved department stores of the 20th century.  Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in ¶ 50 of the Complaint and on that basis denies them.

51.     Defendant denies the allegations in ¶ 51 of the Complaint.

52.     Responding to ¶ 52, Defendant admits "Jordan Marsh," "Bullock's," "Robinsons-May," "Filene's," "Abraham & Straus," "The Broadway" and "The Bon Marché" were well-known names of well-loved department stores of the 20th century.  Defendant also admits that its first use in commerce of the Allegedly Infringing Marks occurred with the launch of its www.retrodepartmentstores.com website, which occurred in 2011.  Defendant denies that the "Heritage Marks" are famous (as that term

9-

**DEFENDANT'S (1) FIRST AMENDED ANSWER AND**            **Case No. 3:11-cv-06198-SC**
**COUNTERCLAIMS, and (2) SUPP. COUNTERCLAIM**

is defined in 15 U.S.C. § 1125(c)(2)(A).  Defendant also denies that Macy's made continuous bona fide use of the "Heritage Marks" in commerce after first making use of such marks.  Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 52 of the Complaint and on that basis denies them.

53.     Defendant denies the allegations in ¶ 53 of the Complaint.

54.     Defendant denies the allegations in ¶ 54 of the Complaint.

55.     Defendant denies the allegations in ¶ 55 of the Complaint.

56.     Defendant denies the allegations in ¶ 56 of the Complaint.

FOURTH CLAIM FOR RELIEF

COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

57.     Defendant incorporates herein by references, its responses to paragraphs 1 through 56 as if fully set forth and reinstated herein.

58.     Responding to ¶ 58 of the Complaint, Defendant admits Plaintiffs are asserting common law trademark infringement and unfair competition in this action.

59.     Defendant denies the allegations in ¶ 59 of the Complaint.

60.     Defendant denies the allegations in ¶ 60 of the Complaint.

FIFTH CLAIM FOR RELIEF

STATE STATUTORY DILUTION

61.     Defendant incorporates herein by references, its responses to paragraphs 1 through 60 as if fully set forth and reinstated herein.

62.     Defendant denies the allegations in ¶ 62 of the Complaint.

63.     Defendant denies the allegations in ¶ 63 of the Complaint.

SIXTH CLAIM FOR RELIEF

STATE STATUTORY UNFAIR COMPETITION

64.     Defendant incorporates herein by references, its responses to paragraphs 1 through 63 as if fully set forth and reinstated herein.

65.     Responding to ¶ 65 of the Complaint, Defendant admits Plaintiffs are asserting statutory unfair competition pursuant to California Business and Professions Code § 17200 *et seq*. in this action

**DEFENDANT'S (1) FIRST AMENDED ANSWER AND COUNTERCLAIMS, and (2) SUPP. COUNTERCLAIM**          **Case No. 3:11-cv-06198-SC**

66.     Defendant denies the allegations in ¶ 66 of the Complaint.

67.     Defendant denies the allegations in ¶ 67 of the Complaint.

## AFFIRMATIVE DEFENSES

Defendant, while reserving the right to assert all other applicable defenses in this action, asserts the following affirmative defenses to the Complaint:

### FIRST AFFIRMATIVE DEFENSE

[Statutory Bar Under 15 U.S.C. 1125(c)(6)(A)]

Plaintiffs' Fourth, Fifth and Sixth Claims for Relief are barred by 15 U.S.C. 1125(c)(6)(A) in connection with Defendant's use of the following marks:  "The Broadway" and "The Bon Marché."

### SECOND AFFIRMATIVE DEFENSE

[Statutory Bar Under 15 U.S.C. 1125(c)(6)(B)]

Plaintiffs' Third, Fourth, Fifth and Sixth Claims for Relief is barred by 15 U.S.C. 1125(c)(6)(B) in connection with Defendant's use of the following marks:  "The Broadway" and "The Bon Marché."

### THIRD AFFIRMATIVE DEFENSE

[Failure to State a Claim]

Plaintiffs' Complaint, and each purported claim asserted therein, fails to allege facts sufficient to state a claim for relief against Defendant.

### FOURTH AFFIRMATIVE DEFENSE

[Fair Use]

Plaintiffs' Complaint, and each purported claim asserted therein, is barred in whole or in part on the grounds that Defendant's use of the allegedly infringing marks is protected under the doctrine of nominative fair use.

### FIFTH AFFIRMATIVE DEFENSE

[Good Faith]

Plaintiffs' Complaint, and each purported claim asserted therein, is barred in whole or in part on the grounds that Defendant at all times relevant hereto used the allegedly infringing marks in good faith.

///

-11-

**DEFENDANT'S (1) FIRST AMENDED ANSWER AND**                          **Case No. 3:11-cv-06198-SC**
**COUNTERCLAIMS, and (2) SUPP. COUNTERCLAIM**

SIXTH AFFIRMATIVE DEFENSE

[Waiver]

Plaintiffs have engaged in conduct and activates sufficient to constitute a waiver and/or a release of any and all claims that Plaintiffs may have or may have had against Defendant arising from the transactions and occurrences set forth in the Complaint.

SEVENTH AFFIRMATIVE DEFENSE

[Estoppel]

Plaintiffs' claims are barred by the doctrine of estoppel.

EIGHTH AFFIRMATIVE DEFENSE

[Laches]

Plaintiffs' claims are barred by the doctrine of laches.

NINTH AFFIRMATIVE DEFENSE

[Unclean Hands]

Plaintiffs' claims are barred by the doctrine of unclean hands.

TENTH AFFIRMATIVE DEFENSE

[Abandonment]

Plaintiffs have abandoned the alleged marks and/or the goodwill associated therewith, and have no rights in the alleged marks.  Therefore, Defendant is free to register and use the alleged marks.

ELEVENTH AFFIRMATIVE DEFENSE

[Invalidity]

Macy's has no rights in the marks FILENE'S, ROBINSONS-MAY, or MAY.  As such, Registration Nos. 1,960,415, 1,793,132 and 1,728,405 are invalid.

TWELFTH AFFIRMATIVE DEFENSE

[Invalidity]

The federally registered marks allegedly owned by Macy's are invalid for failure to comply with the Trademark Act, 15 U.S.C. § 1051 *et seq.*

///

///

**DEFENDANT'S (1) FIRST AMENDED ANSWER AND COUNTERCLAIMS, and (2) SUPP. COUNTERCLAIM**          **Case No. 3:11-cv-06198-SC**

THIRTEENTH AFFIRMATIVE DEFENSE

[Prosecution Estoppel]

Plaintiffs' claims are barred as they rest on an assertion of scope of its alleged mark that is inconsistent with its representations to the United States Patent and Trademark Office in prosecution of the claimed marks.

FOURTEENTH AFFIRMATIVE DEFENSE

[Failure to Mitigate Damages]

Any amount of recovery must be offset for Plaintiffs' failure to mitigate its damages.  Because Plaintiffs knew or should have known about the alleged infringement years ago, they should have taken action to stop the alleged misconduct at the time.  If Plaintiffs had done so, their alleged damages would be reduced.

FIFTEENTH AFFIRMATIVE DEFENSE

[Reservation of Defenses]

Defendant presently has insufficient knowledge or information on which to form a belief as to whether there may be additional as yet unstated affirmative defenses.  Thus, subject to discovery in this action, Defendant expressly reserves its right to assert additional affirmative defenses.

**STRATEGIC MARKS' FIRST AMENDED COUNTERCLAIMS**

NATURE OF THE ACTION

1.     This is an action for trademark infringement, false designation of origin  and unfair competition arising under the Lanham Act, 15 U.S.C. § 1051 *et seq.* and federal and state common law, as well as an action for statutory unfair competition arising under California Business and Professions Code § 17200.  Counter-Defendants have willfully and unlawfully infringed Defendant's Service Marks (as defined below) with the clear and unmistakable intent and effect of causing confusion, mistake and deception among customers and potential customers.

2.     Strategic Marks is the owner and user of the following service marks for retail department store and on-line retail department store services, retail and on-line retail clothing boutiques and stores for clothing, apparel, and related products: ABRAHAM AND STRAUS, ABRAHAM & STRAUS, THE BON MARCHÉ, THE BON MARCHE, THE BROADWAY,

-13-

**DEFENDANT'S (1) FIRST AMENDED ANSWER AND**          **Case No. 3:11-cv-06198-SC**
**COUNTERCLAIMS, and (2) SUPP. COUNTERCLAIM**

BULLOCK'S DEPARTMENT STORE, BULLOCK'S, FILENE'S, JORDAN MARSH, MAY COMPANY, ROBINSON'S and ROBINSON'S MAY (collectively and individually, the "Defendant's Service Marks").

3.    Macy's is using the following marks in commerce ("Macy's Infringing Marks") without Strategic Marks' consent: BULLOCK'S, BULLOCKS, BULLOCK'S WILSHIRE, JORDAN MARSH, ROBINSONS-MAY, ROBINSONS, THE BON MARCHE, ABRAHAM & STRAUS, FILENE'S, AND THE BROADWAY.  These marks are all either are identical to, or confusingly similar to, the Defendants' Service Marks.

4.    These counterclaims assert claims against the Counter-Defendants arising from their trademark infringement and unfair competition related to Defendant's Service Marks.

5.    Strategic Marks asks this Court to enjoin the infringement, false designation of origin and unfair competition caused by Counter-Defendants' wrongful use of the Macy's Infringing Marks, and to compensate Strategic Marks for the damages which Counter-Defendants have caused and the unjust enrichment they have received.

<u>THE PARTIES</u>

6.    Strategic Marks is informed and believes, and on that basis alleges Counter-Defendant Macy's, Inc. is a corporation organized and existing under the laws of the state of Delaware with a principal place of business at 7 West Seventh Street, Cincinnati, OH 45202 and operates several Macy's department stores within this Judicial District.

7.    Strategic Marks is informed and believes, and on that basis alleges Counter-Defendant Macys.com, Inc. is a corporation organized and existing under the laws of the state of New York with a principal place of business at 685 Market Street, 8th Floor, San Francisco, CA 94105 and operates the online department store www.macys.com.

8.    Counterclaimant Strategic Marks, LLC is a limited liability company organized and existing under the laws of the state of California, with a place of business as 25 Ridgeview, Irvine, CA 92603.

///

///

**DEFENDANT'S (1) FIRST AMENDED ANSWER AND COUNTERCLAIMS, and (2) SUPP. COUNTERCLAIM**          **Case No. 3:11-cv-06198-SC**

JURISDICTION AND VENUE

9.     This is an action for trademark infringement, false designation of origin and unfair competition arising under the Lanham Act, 15 U.S.C. § 1051 *et seq.et seq.* and the federal common law; trademark infringement, false designation of origin and unfair competition arising under the common law of the state of California; and unfair competition arising under the laws of the state of California.  This Court has jurisdiction over the subject matter of this action under the Trademark Act of 1946, 15 U.S.C. § 1121 and the Judicial Code, 28 U.S.C. §§ 1331 and 1338.  This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367, which arise out of the same nucleus of operative fact as the substantial federal law claims to which they are joined.

10.     Counter-Defendants are subject to this Court's personal jurisdiction by virtue of their filing of the Complaint in this action and pursuant to Local Rule 3-5 and Rule 4 of the Federal Rules of Civil Procedure because they do business in this judicial district, including conducting business which makes infringing and unfair use of Defendant's Service Marks in commerce within this state and in this district.

11.     Venue is proper in this judicial district under, *inter alia*,  28 U.S.C. § 1391, because the injury caused by the Counter-Defendants' acts was felt in this district.

FACTUAL BACKGROUND

12.     Strategic Marks, founded by Ellia Kassoff, is one of multiple companies founded by Mr. Kassoff that focus on providing new products and services under old, abandoned, and long-lost brand names. In addition to the marks at issue in this action, Mr. Kassoff's companies have adopted and used abandoned trademarks from a cross-section of industries, including *inter alia* Leaf Brands Candy, Gottschalks, Newport Ski Company, Astro Pop, Leaf, and Wacky Wafers.

13.     Strategic Marks owns and operates various on-line retail stores (the "On-line Retro Department Stores") bearing names which pay homage to several of the now defunct, but once great, department stores from the 20th century.  Strategic Marks' On-line Retro Department Stores include, but are not limited to, on-line department stores bearing the following names: ABRAHAM & STRAUS, THE BON MARCHÉ, THE BROADWAY, BULLOCK'S, FILENE'S, JORDAN MARSH, MAY COMPANY and ROBINSONS.  The names of its On-line Retro Department Stores (and their

**DEFENDANT'S (1) FIRST AMENDED ANSWER AND**          **Case No. 3:11-cv-06198-SC**
**COUNTERCLAIMS, and (2) SUPP. COUNTERCLAIM**

respective "brick and mortar" locations which Strategic Marks is working toward opening (the "Brick and Mortar Retro Department Stores")) evoke nostalgia in the minds of American consumers for something that can no longer be found in today's nation-wide department store chains – a shopping experience that is highly personalized and localized, with an old-world and opulent feel (the "Old World Shopping Experience"). Strategic Marks seeks to provide new retail and on-line retail store services using these long-abandoned retail department store brands, with the intent of offering its customers high quality, contemporary products through its On-line Retro Department Stores and Brick and Mortar Retro Department Stores in a manner consistent with the shopping experiences that could once be found in the great retail department stores from America's past.

14.     Strategic Marks is the owner and user of, *inter alia*, the following U.S. service mark registration ("Defendant's Registered Service Mark") for one of Defendant's Service Marks:

a.     THE BROADWAY, U.S. Trademark Registration No. 4,099,878, issued February 14, 2012 for retail department store and on-line retail department store services, retail and on-line retail clothing boutiques and stores for clothing, apparel, and related products.

15.     Strategic Marks has also filed the following applications for U.S. service mark registrations for the following Defendant's Service Marks (collectively and individually, Strategic Mark's Pending Applications") for retail department store and on-line retail department store services, and retail and on-line retail clothing boutiques and stores for clothing, apparel, and related products:

a.     ABRAHAM AND STRAUS, U.S. Trademark Application Serial Number 85,137,194, filed September 24, 2010;

b.     BULLOCK'S DEPARTMENT STORE, U.S. Trademark Application Serial Number 85,136,164, filed September 23, 2010;

c.     FILENE'S, U.S. Trademark Application Serial Number 85,137,196, filed September 24, 2010;

d.     JORDAN MARSH, U.S. Trademark Application Serial Number 85,137,183, filed September 24, 2010; and

e.     MAY COMPANY, U.S. Trademark Application Serial Number 85,137,181, filed September 24, 2010.

**DEFENDANT'S (1) FIRST AMENDED ANSWER AND COUNTERCLAIMS, and (2) SUPP. COUNTERCLAIM**          **Case No. 3:11-cv-06198-SC**

16.     Strategic Marks is using the Defendant's Service Marks in commerce in the United States, including but not limited to within its www.retrodepartmentstores.com website.

17.      Defendant's Service Marks naturally bring to mind the Old World Shopping Experience associated in American lore with the great department stores of the 20th century. Defendant's Service Marks, by reason of Strategic Marks' use and promotion of Defendant's Service Marks, have also come to be known to the purchasing public as retail stores within the new "Retro Department Stores" family, a chain which seeks to differentiate itself from other nation-wide retail chains by providing its customers with high quality, cutting edge products in an atmosphere designed to emulate the Old World Shopping Experience traditionally associated with the great department stores of the past.

18.     The Defendant's Service Marks, by virtue of their ability to bring to the minds of the relevant purchasing public the Old World Shopping Experience that used to be had at the great department stores of the 20th century, and by virtue of their association with the "Retro Department Stores" family and Strategic Marks' efforts to *differentiate* its retails stores from other modern-day nation-wide retail chains (including Macy's), have developed a secondary meaning and significance in the minds of the relevant trade and the purchasing public, such that the retail services and products provided by Strategic Marks in connection with the Defendant's Service Marks are immediately identified with Strategic Marks and its "Retro Department Stores" family.

19.     As a result of the above, the Defendant's Service Marks and the goodwill associated therewith are very valuable to Strategic Marks.

20.     Strategic Marks has taken active, affirmative, and successful steps to foster the good will of the Defendant's Service Marks.

21.     The relevant purchasing public recognizes that the Defendant's Service Marks are service marks indicating a single source of origin – the Retro Department Stores chain owned and operated by Strategic Marks.

22.     Strategic Marks has not abandoned the Defendant's Service Marks.

23.     Subsequent to Strategic Marks' first use of Defendant's Service Marks, Macy's began using in commerce the Macy's Infringing Marks, and offering for sale and selling products bearing the

-17-

**DEFENDANT'S (1) FIRST AMENDED ANSWER AND**            **Case No. 3:11-cv-06198-SC**
**COUNTERCLAIMS, and (2) SUPP. COUNTERCLAIM**

Macy's Infringing Marks.  This use of the Macy's Infringing Marks has occurred without Strategic Marks' consent.

24.     Macys' use of the Macy's Infringing Marks in commerce is likely to cause confusion and mistake in the minds of the purchasing public.

25.     On February 27, 2012, Strategic Marks made a demand to Counter-Defendants' counsel that Counter-Defendants cease using the Defendant's Service Marks.

26.     Macy's use of the Macy's Infringing Marks nonetheless continues.

<u>FIRST CLAIM FOR RELIEF</u>

<u>INFRINGEMENT OF FEDERALLY REGISTERED TRADEMARK – 15 U.S.C. § 1114</u>

27.     Strategic Marks incorporates by reference as if fully set forth herein the averments contained within the preceding paragraphs 1 through 26, inclusive.

28.     Macy's infringes Defendant's Registered Service Mark in violation of the Trademark Act of 1946, 15 U.S.C. § 1051, *et seq.*, particularly under 15 U.S.C. § 1114(1).

29.     Macy's use in commerce of Defendant's Registered Service Mark is likely to deceive, and/or to cause confusion and mistake in the minds of the purchasing public, and in particular, tends to and does falsely creates the impression that Macy's is associated with certain of Strategic Marks' On-line Retro Department Stores, and that Macy's goods and services are conducted by or in association with Strategic Marks and/or its On-Line Retro Department Stores.

30.     Upon information and belief, Macy's infringement has been willful and intentional.

31.     As a direct and proximate result of Macy's illegal activities as alleged above, Strategic Marks has been severely damaged.  Macy's infringement of Strategic Marks' Registered Service Mark has caused and will continue to cause, irreparable harm to Strategic Marks unless enjoined by this Court.

<u>SECOND CLAIM FOR RELIEF</u>

<u>FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION – 15 U.S.C. § 1125(a)</u>

32.     Strategic Marks incorporates by reference as if fully set forth herein the averments contained within the preceding paragraphs 1 through 31, inclusive.

///

**DEFENDANT'S (1) FIRST AMENDED ANSWER AND COUNTERCLAIMS, and (2) SUPP. COUNTERCLAIM**               **Case No. 3:11-cv-06198-SC**

33.     This Claim arises under the provisions of the Trademark Act of 1946, 15 U.S.C. § 1051 et seq., particularly under U.S.C. § 1125(a), and alleges the use in commerce of false designations of origin and false descriptions and representations.

34.     Macy's use of the Macy's Infringing Marks is likely to create confusion, or to cause mistake, or to deceive the consumers in regards to whether Macy's is affiliated, connected, or associated with Strategic Marks.

35.     Macy's use of the Macy's Infringing Marks is likely to create confusion, or to cause mistake, or to deceive the consumers as to the source of origin, sponsorship and/or authorization of certain of Macy's products.

36.     Macy's use of the Macy's Infringing Marks in its commercial advertising misrepresents the nature of Strategic Marks' goods, services and commercial activities in that it suggests Strategic Marks is associated and cooperating with Macy's, one of the national retail chains which Strategic Marks expressly differentiates itself from.

37.     As more fully set forth above, Defendant's Service Marks have come to have a secondary meaning indicative of origin, relationship, sponsorship, and/or association with Strategic Marks.  The purchasing public is likely to infer from Macy's use of the Macy's Infringing Marks an affiliation, connection and/or association between Strategic Marks and Macy's which belies Strategic Marks' attempts to distinguish itself and its Retro Department Stores from such national retail chains, and to, therefore, discourage consumers from using Strategic Marks' services and/or purchasing Strategic Marks' products in that erroneous belief.  The purchasing public is also likely to mistakenly attribute to Strategic Marks the use by Macy's of the Macy's Infringing Marks as an indication of source of origin, authorization, affiliation, and/or sponsorship for Macy's certain retail department store services, online retail store services, and related goods and services and, therefore, to use Macy's services and purchase Macy's products in that erroneous belief.

38.     Macy's adoption and continued willful use of the Macy's Infringing Marks as herein above alleged, constitutes (i) a use in interstate commerce, (ii) a false designation of origin and/or false and misleading description and/or representation of facts and/or goods and/or services in commerce, with knowledge of falsity, and deceptive misdescription, which is likely to cause confusion, mistake

-19-

and deception as to the relationship between Strategic Marks and Macy's, and as to the source of origin, sponsorship and/or authorization of certain of Macy's products, and (iii) in commercial advertising and/or promotion, a misrepresentation of the nature, characteristics, qualities and origin of Macy's and Strategic Marks' retail store services and commercial activities, within the meaning of and in violation of 15 U.S.C. § 1125(a).

39.     As a direct and proximate result of Defendant's illegal activities as alleged above, Strategic Marks has been severely damaged.  Macy's complained of acts have caused, and will continue to cause, irreparable harm to Strategic Marks unless enjoined by this Court.

THIRD CLAIM FOR RELIEF

COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

40.     Strategic Marks incorporates by reference as if fully set forth herein the averments contained within the preceding paragraphs 1 through 39, inclusive.

41.     This Claim arises under the common law of the state of California and alleges willful and intentional common law trademark infringement and unfair competition by Macy's.

42.     On information and belief, Macy's began making use in commerce of the Macy's Infringing Marks in 2011 after discovering Strategic Marks was using Defendant's Service Marks in commerce, and for the sole purpose of trying to strip Strategic Marks of its rights in marks Macy's had long-ago abandoned.

43.     The use by Macy's of the Macy's Infringing Marks constitutes passing off, unfair methods of competition, unconscionable acts and practices, and unfair and deceptive acts and practices wherein Macy's conduct is likely to cause confusion in commerce as to the source of Strategic Marks' goods and services.  Macy's acts are in violation of the common law of the state of California.

44.     As a direct and proximate result of Macy's illegal activities as alleged above, Strategic Marks has been severely damaged.  Macy's aforesaid acts of unfair competition have caused, and will continue to cause, irreparable harm to Strategic Marks unless enjoined by this Court.

///

///

///

**DEFENDANT'S (1) FIRST AMENDED ANSWER AND COUNTERCLAIMS, and (2) SUPP. COUNTERCLAIM**                    **Case No. 3:11-cv-06198-SC**

FOURTH CLAIM FOR RELIEF

STATE STATUTORY UNFAIR COMPETITION

[California Business and Professions Code § 17200 *et seq.*]

45.     Strategic Marks incorporates by reference as if fully set forth herein the averments contained within the preceding paragraphs 1 through 44, inclusive.

46.     This Claim arises under California Business and Professions Code §17200 et seq. and alleges willful and intentional unfair competition by Macy's.

47.     Macy's acts and conduct and use of the Macy's Infringing Marks as alleged above also constitute "unlawful, unfair or fraudulent business act[s] or practice[s] and unfair, deceptive, untrue, or misleading advertising" within the meaning of California Business and Professions Code § 17200 et seq.  Macy's acts complained of  are wrongful, knowing, willing and malicious and constitute unfair competition under California state law.

48.     As a direct and proximate result of Macy's illegal activities, Strategic Marks has been severely damaged.  Macy's aforesaid acts of unfair competition have caused, and will continue to cause, irreparable harm to Strategic Marks unless enjoined by this Court.

**STRATEGIC MARKS' SUPPLEMENTAL COUNTERCLAIM**

SUPPLEMENTAL FACTUAL BACKGROUND

49.     Strategic Marks incorporates by reference as if fully set forth herein the averments contained within the preceding paragraphs 1 through 48, inclusive.

50.     Strategic Marks is the owner and user of, *inter alia*, the following U.S. service mark registrations (collectively and individually, Defendant's New Registered Service Marks") for certain of Defendant's Service Marks:

a.     THE BON MARCHÉ, U.S. Trademark Registration No. 4,136,284, issued May 1, 2012 for retail department store and on-line retail department store services, and retail and on-line retail clothing boutiques and stores for clothing, apparel, and related products.

b.     ROBINSON'S, U.S. Trademark Registration No. 4,165,969, issued June 26, 2012 for retail department store and on-line retail department store services, retail and on-line retail clothing boutiques and stores for clothing, apparel, and related products.

-21-

FIFTH CLAIM FOR RELIEF

INFRINGEMENT OF FEDERALLY REGISTERED TRADEMARK – 15 U.S.C. § 1114

51.     Strategic Marks incorporates by reference as if fully set forth herein the averments contained within the preceding paragraphs 1 through 50, inclusive.

52.     Macy's infringes Defendant's New Registered Service Marks in violation of the Trademark Act of 1946, 15 U.S.C. § 1051, *et seq.*, particularly under 15 U.S.C. § 1114(1).

53.     Macy's use in commerce of Defendant's New Registered Service Marks is likely to deceive, and/or to cause confusion and mistake in the minds of the purchasing public, and in particular, tends to and does falsely creates the impression that Macy's is associated with certain of Strategic Marks' On-line Retro Department Stores, and that Macy's goods and services are conducted by or in association with Strategic Marks and/or its On-Line Retro Department Stores.

54.     Upon information and belief, Macy's infringement has been willful and intentional.

55.     As a direct and proximate result of Macy's illegal activities as alleged above, Strategic Marks has been severely damaged.  Macy's infringement of Strategic Marks' New Registered Service Marks has caused and will continue to cause, irreparable harm to Strategic Marks unless enjoined by this Court.

## DEMAND FOR JUDGMENT

WHEREFORE, Strategic Marks demands judgment in its favor, including the following:

A.     Dismissal of all of Macy's claims against Strategic Marks, in their entirety and with prejudice.

B.     A declaration that Strategic Marks does not infringe and has not infringed any of the Heritage Marks, whether directly or indirectly.

C.     A declaration that the Heritage Marks have been abandoned.

D.     A declaration that Macy's take nothing by way of their Complaint.

E.     That a preliminary and permanent injunction be issued enjoining Macy's and its agents, servants, employees, and all persons in active concert or participation with them:

(1)     From using the Defendant's Service Marks, or any marks confusingly similar thereto,  in connection with sale or offering for sale of goods or services, including on goods which are

-22-

**DEFENDANT'S (1) FIRST AMENDED ANSWER AND**          **Case No. 3:11-cv-06198-SC**
**COUNTERCLAIMS, and (2) SUPP. COUNTERCLAIM**

offered for sale or sold;

(2)       From using any logo, trade name, trademark, or service mark, which may be calculated to falsely represent or which has the effect of falsely representing that Macy's is associated in any with Strategic Marks, or that goods and/or services of Macy's are sponsored by, authorized by or in any way associated with Strategic Marks;

(3)       From using the Macy's Infringing Marks or from otherwise infringing the Defendant's Service Marks; and

(4)       From otherwise unfairly competing with Strategic Marks or infringing Strategic Marks' rights in and to the Defendant's Service Marks.

F.       That Macy's be required to remove from use any interior, exterior, physical, and electrical display of the Defendant's Service Marks, including in-store and website/online display(s).

G.       That Macy's be required to pay to Strategic Marks such damages as Strategic Marks has sustained as a consequence of Macy's infringement, false designation and unfair competition, and to account to Strategic marks for all gains, profits and advantages derived by them by virtue of their infringement, and/or that Strategic Marks be awarded profits pursuant to 15 U.S.C. § 1117 and state common and statutory law.

H.       That the monetary award to Strategic Marks be increased based on willful infringement pursuant to 15 U.S.C. § 1117.

I.       That the Court find this case to be exceptional and award reasonable attorneys' fees to Strategic Marks.

J.       For such other and further relief as the Court may deem just and proper.


DATED:  October 4, 2012.                    KB ASH LAW GROUP



By __/s/_____
       BENJAMIN ASHUROV
       Attorneys for Defendant
       STRATEGIC MARKS, LLC

-23-

**DEFENDANT'S (1) FIRST AMENDED ANSWER AND**          **Case No. 3:11-cv-06198-SC**
**COUNTERCLAIMS, and (2) SUPP. COUNTERCLAIM**

1

## **DEMAND FOR JURY TRIAL**

2          Defendant and Counter-Claimant Strategic Marks, LLC, hereby demands a trial by jury of all

3     claims so triable.

4

5

6     DATED:  October 4, 2012.                    KB ASH LAW GROUP

7

8                                                By   ___/s/_____

9                                                     BENJAMIN ASHUROV
                                                     Attorneys for Defendant
10                                                    STRATEGIC MARKS, LLC

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANT'S (1) FIRST AMENDED ANSWER AND**          **Case No. 3:11-cv-06198-SC**
**COUNTERCLAIMS, and (2) SUPP. COUNTERCLAIM**