United States District Court
For the Northern District of California

1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                 FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9                                    )  Case No. 11-6198 SC
                                     )
10   MACY'S, INC. and MACYS.COM,      )  ORDER DENYING PLAINTIFFS
     INC.,                           )  MACY'S, INC. AND MACYS.COM,
                                     )  INC.'S MOTION FOR PARTIAL
11             Plaintiffs,            )  SUMMARY JUDGMENT
                                     )
12        v.                         )
                                     )
13   STRATEGIC MARKS, LLC,            )
                                     )
14             Defendant.            )
                                     )
15   _____)

16

17   I.   **INTRODUCTION**

18        Now before the court is Plaintiffs and Counter-Defendants

19   Macy's, Inc. and Macys.com, Inc.'s ("Plaintiffs") motion for

20   partial summary judgment against Defendant and Counter-Claimant

21   Strategic Marks, LLC. ("Defendant").  ECF No. 55 ("Mot.")  The

22   motion is fully briefed, ECF Nos. 63 ("Opp'n"), 66 ("Reply"), and

23   appropriate for resolution without oral argument, Civ. L.R. 7-1(b).

24   For the reasons explained below, the Court DENIES Plaintiffs'

25   motion for partial summary judgment.

26   ///

27   ///

28   ///

1  **II.    BACKGROUND**

2       The instant matter arises from Defendant's counterclaims

3  against Plaintiffs for trademark infringement, among other things,

4  based on Defendant's registrations and applications for four

5  service marks, "The Broadway," "The Bon Marche," "Robinson's," and

6  "Abraham & Straus," under the Lanham Act, 15 U.S.C. section 1051 et

7  seq.  Defendant has already obtained service mark registrations for

8  "The Broadway," "The Bon Marche," and "Robinson's."  ECF No. 56

9  (Decl. of Anthony F. Lo Cicero ISO Mot. ("Lo Cicero Decl.")) Exs.

10 A-C.  Defendant's application to register the "Abraham & Straus"

11 mark is pending.  Id. Ex. D.  All of the service marks at issue

12 here (the "Marks") are names of well-known but now-defunct

13 department stores.  See Am. Answer & Countercl. ¶ 15.

14      All four applications were filed as "intent to use"

15 applications pursuant to Lanham Act section 1051(b) and were

16 accordingly accompanied with Statements of Use ("SOU").  Lo Cicero

17 Decl. Exs. E-H.  A service mark applicant may begin the

18 registration process under the Lanham Act before using the marks in

19 commerce, provided that the applicant shows a "bona fide intention

20 to use the mark in commerce at a later date."  15 U.S.C. § 1051(b).

21 Such applications are called "intent to use" applications, and

22 registration under these applications is granted if the applicant

23 files a verified statement of commercial use proving eventual use

24 of the mark in commerce.  Id. § 1051(d).  In general, an applicant

25 may not file a statement of use until the applicant has made use of

26 the mark in commerce on or in connection with all services

27 specified in the notice of allowance.  See 37 C.F.R. § 2.88

28 (describing the USPTO's requirements for filing a statement of

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1  use).

2      Each of Defendant's SOUs affirms that, per Lanham Act

3  section 1051(b)'s requirements for service mark registration,

4  "[t]he mark is in use in commerce on or in connection with all

5  goods or services listed in the application."  Lo Cicero Decl. Exs.

6  E-H.  Each SOU also contains a sworn, signed declaration that

7  Defendant "is using the mark in commerce on or in connection with

8  the goods/services identified."  Lo Cicero Decl. Exs. E-H.

9  Specifically, each SOU identifies the services for which Defendant

10 claims to be using the Mark as:

- retail department store and on-line retail
  department store services
- retail and on-line retail clothing
  boutiques
- retail and on-line clothing stores
- retail and on-line retail apparel stores
- retail and on-line retail store services
  featuring clothing and fashion accessories

16 Id. Exs. E-H.

17     Each Mark's application is also accompanied by the requisite

18 Specimen of Use ("Specimen"), which provides proof of how Defendant

19 claims to be using the mark in commerce.  Id. Exs. I-L.  The

20 Specimens are screenshots taken from Defendant's website, "Retro

21 Department Stores" (RetroDepartmentStores.com).  See id.  Each

22 Mark's Specimen is a screenshot of that Mark's sub-page, each of

23 which features the Mark on a t-shirt that the visitor can purchase

24 by clicking an "Add to Cart" button, a brief history of the Mark's

25 namesake department store, and, in some cases, a video clip of an

26 old commercial for that store.  See id.

27     Defendant's business, as described on its website, is meant to

28 bring back some of "the great department stores of the 20th

3

**United States District Court**
For the Northern District of California

1   century" by rebuilding and restoring "well-loved" department store

2   brands, including Robinson's May, The Broadway, The Bon Marche, and

3   Abraham & Straus.  Id. Ex. M.  Specifically, Defendant described

4   its plan as follows, on Retro Department Stores' "About" page:

5

6           You'll see these stores first as part of
            this "nostalgic" virtual mall.  Then we plan
            to branch out with unique accessories at
7           small boutiques, followed by exclusive
            apparel by up and coming designers, and then
8           ultimately with actual "Brick and Mortar"
            stores throughout the United States with a
9           full line-up of products.

10  Id.

11      As to the factual dispute that forms the root of the instant

12  motion for summary judgment, Defendant never actually sold any

13  "unique accessories," "exclusive apparel," or other products, and

14  never opened any "small boutiques" or "Brick and Mortar" stores.

15  Plaintiffs claim that these facts render all of Defendants'

16  registrations void.  Mot at 9-16.  Plaintiff claims that none of

17  Defendant's preparatory activities or other work is sufficient to

18  satisfy the Lanham Act's requirements for "intent to use"

19  applications or use in commerce.  See id.  Defendant insists that

20  its evidence -- invoices from companies it says it retained to

21  build its website and provide merchandise, deposition testimony as

22  to employees' duties, and correspondence related to its work

23  publicizing its business -- satisfies the Lanham Act's

24  requirements, rendering Defendant's Marks presumptively valid and

25  capable of supporting Defendant's counter-claims against

26  Plaintiffs.  See Opp'n at 2-8.

27      Plaintiffs now move for partial summary judgment as to

28  Defendant's counterclaims, arguing that there is no genuine issue

4

**United States District Court**
For the Northern District of California

1 of material fact as to the invalidity of Defendant's Marks, thereby

2 rendering unsupportable Defendant's counterclaims for Plaintiff's

3 infringement of the Marks.  Mot. at 9.  Defendant opposes

4 Plaintiffs' motion, arguing that genuine issues of material fact

5 exist as to the definition of Defendant's services and whether

6 Defendant used the Marks in commerce.  Opp'n at 3-7.

7

8 **III.    LEGAL STANDARD**

9      Entry of summary judgment is proper "if the movant shows that

10 there is no genuine dispute as to any material fact and the movant

11 is entitled to judgment as a matter of law."  Fed. R. Civ. P.

12 56(a).  Summary judgment should be granted if the evidence would

13 require a directed verdict for the moving party.  Anderson v.

14 Liberty Lobby, Inc., 477 U.S. 242, 251 (1986).  The moving party

15 bears the initial burdens of production and persuasion.  Nissan

16 Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc., 210 F.3d

17 1099, 1102 (9th Cir. 2000).

18      "In order to carry its burden of production, the moving party

19 must either produce evidence negating an essential element of the

20 nonmoving party's claim or defense or show that the nonmoving party

21 does not have enough evidence of an essential element to carry its

22 ultimate burden of persuasion at trial."  Id.  "In order to carry

23 its ultimate burden of persuasion on the motion, the moving party

24 must persuade the court that there is no genuine issue of material

25 fact."  Id.  A genuine issue for trial exists if the non-moving

26 party presents evidence from which a reasonable jury, viewing the

27 evidence in the light most favorable to that party, could resolve

28 the material issue in his or her favor.  Anderson, 477 U.S. at 248-

49.

The Ninth Circuit has instructed that "[b]ecause of the intensely factual nature of trademark disputes, summary judgment is generally disfavored in the trademark arena." Rearden LLC v. Rearden Commerce, Inc., 683 F.3d 1190, 1202 (9th Cir. 2012) (quoting Interstellar Starship Servs., Ltd. v. Epix, Inc., 184 F.3d 1107, 1109 (9th Cir. 1999)); see also Levi Strauss & Co. v. Blue Bell, Inc., 778 F.2d 1352, 1356 n.5 (9th Cir. 1985).

## IV.  DISCUSSION

The Marks at issue here are service marks.  The Lanham Act provides the definition of a service mark:

> The term "service mark" means any word, name, symbol, or device, or any combination thereof --
> (1) used by a person, or
> (2) which a person has a bona fide intention to use in commerce and applies to register . . .
> to identify and distinguish the services of one person, including a unique service, from the services of others and to indicate the source of the services, even if that source is unknown.

15 U.S.C. § 1127.  A service mark is virtually identical to a "trademark," but a trademark identifies goods, and a service mark identifies intangible services.  Id.; Aycock Eng'g, Inc. v. Airflite, Inc., 560 F.3d 1350, 1356 (9th Cir. 2009).

Both trademarks and service marks are governed by the same statutory criteria for registration and validity.  Aycock, 560 F.3d at 1357.  One such criterion is the "use in commerce" prerequisite to registration under the Lanham Act.  Id.  "In short, a mark shall be deemed to be in use in commerce . . . on services when it is

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1  used or displayed in the sale or advertising of services and the

2  services are rendered in commerce." Rearden, 683 F.3d at 1204

3  (citing 15 U.S.C. § 1127) (internal quotation marks omitted). This

4  requirement has two parts: "(1) an element of actual use, and (2)

5  an element of display." Chance v. Pac-Tel Teletrac, Inc., 242 F.3d

6  1151, 1159 (9th Cir. 2001).

7         In determining whether a service mark meets the Lanham Act's

8  use in commerce requirement, district courts within the Ninth

9  Circuit are to employ a "totality of the circumstances" test that

10 considers not only the actual sales activity under the trademark or

11 service mark, but also non-sales activity:

> In applying this approach, the district
> courts should be guided in their
> consideration of non-sales activities by
> factors we have discussed, such as [1] the
> genuineness and commercial character of the
> activity, [2] the determination of whether
> the mark was sufficiently public to identify
> or distinguish the marked service in an
> appropriate segment of the public mind as
> those of the holder of the mark, [3] the
> scope of the non-sales activity relative to
> what would be a commercially reasonable
> attempt to market the service, [4] the
> degree of ongoing activity of the holder to
> conduct the business using the mark, [5] the
> amount of business transacted, and [6] other
> similar factors which might distinguish
> whether a service has actually been
> "rendered in commerce."

22 Chance, 242 F.3d at 1159. Actual sales of a service, while

23 important, are therefore not required for a service mark to meet

24 the "use in commerce" requirement, though at the other end of the

25 spectrum, mere advertisement or preparation for use does not

26 suffice. See id.; see also Rearden, 683 F.3d at 1204; Brookfield

27 Commc'ns, Inc. v. West Coast Entm't Corp., 174 F.3d 1036, 1052 (9th

28 Cir. 1999). Moreover, once a mark has been federally registered,

**United States District Court**
For the Northern District of California

1    there attaches a prima facie presumption of validity that can be

2    rebutted by a preponderance of evidence showing invalidity.  <u>See</u>

3    <u>Brookfield</u>, 174 F.3d at 1047.

4         Keeping in mind the Ninth Circuit's instruction that the

5    "intensely factual nature of trademark disputes" means that summary

6    judgment "is generally disfavored in the trademark arena," <u>Rearden</u>,

7    683 F.3d at 1202, and drawing all inferences in the non-movant

8    Defendant's favor, the Court finds that there are genuine, disputed

9    issues of material fact as to the definitions of Defendant's

10   services.  <u>See, e.g.</u>, Opp'n at 2-4; Reply at 9-12.  Specifically,

11   the parties' dispute over the definitions of "retail" and "on-line"

12   in Defendant's SOUs could reasonably be resolved in favor of either

13   party.  <u>See</u> <u>Nissan Fire</u>, 210 F.3d at 1102.

14        The Court also finds that there are genuine, disputed issues

15   concerning whether, under the Ninth Circuit's "totality of

16   circumstances" standard, Defendant's sales- and non-sales-related

17   activities meet the "use in commerce" requirement for service mark

18   registration.  <u>See</u> <u>Chance</u>, 242 F.3d at 1159.  Plaintiffs argue that

19   all of the evidence concerning Defendant's Marks and the Retro

20   Department Stores website, as well as the USPTO's ongoing office

21   action concerning the validity of the "Abraham & Straus" Mark,

22   makes clear that Defendant's activities concerning the Marks

23   pertain to possible future uses, and that Defendant has never

24   actually rendered any services under the Mark.  <u>See</u> Mot. at 9-14;

25   Reply at 12-14.  Defendant responds in relevant part that its

26   activities in their totality are cognizable preparatory activities

27   under the Lanham Act, and that its on-line activities were indeed

28   uses in commerce.  <u>See</u> Opp'n at 3-8.  Based on the evidence that

**United States District Court**
For the Northern District of California

1  the parties provided, as rwell as the arguments in their briefs,

2  the Court finds that Plaintiffs fail to meet their burden on these

3  points as well.

4       In total, Plaintiffs have not persuaded the Court that there

5  are no material issues of fact for trial.  A reasonable jury,

6  reviewing the evidence that the parties have provided up to this

7  point and regarding the evidence in the light most favorable to

8  Defendant, could resolve the instant matter in Defendant's favor.

9  Anderson, 477 U.S. at 248-49.

10

11  **V.    CONCLUSION**

12       For the reasons described above, the Court DENIES Plaintiffs

13  Macy's, Inc. and Macys.com, Inc.'s motion for summary judgment

14  against Defendant Strategic Marks, LLC.

15

16       IT IS SO ORDERED.

17

18       Dated: March  19 , 2013

19                                    UNITED STATES DISTRICT JUDGE

20

21

22

23

24

25

26

27

28