IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MACY'S, INC. and MACYS.COM, INC., <br><br> Plaintiffs, <br><br> v. <br><br> STRATEGIC MARKS, LLC, <br><br> Defendant. | Case No. 11-6198 SC <br><br> ORDER DENYING PLAINTIFFS MACY'S, INC. AND MACYS.COM, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT |

## I. INTRODUCTION

Now before the court is Plaintiffs and Counter-Defendants Macy's, Inc. and Macys.com, Inc.'s ("Plaintiffs") motion for partial summary judgment against Defendant and Counter-Claimant Strategic Marks, LLC. ("Defendant"). ECF No. 55 ("Mot.") The motion is fully briefed, ECF Nos. 63 ("Opp'n"), 66 ("Reply"), and appropriate for resolution without oral argument, Civ. L.R. 7-1(b). For the reasons explained below, the Court DENIES Plaintiffs' motion for partial summary judgment.

///

///

///

## II. BACKGROUND

The instant matter arises from Defendant's counterclaims against Plaintiffs for trademark infringement, among other things, based on Defendant's registrations and applications for four service marks, "The Broadway," "The Bon Marche," "Robinson's," and "Abraham & Straus," under the Lanham Act, 15 U.S.C. section 1051 et seq. Defendant has already obtained service mark registrations for "The Broadway," "The Bon Marche," and "Robinson's." ECF No. 56 (Decl. of Anthony F. Lo Cicero ISO Mot. ("Lo Cicero Decl.")) Exs. A-C. Defendant's application to register the "Abraham & Straus" mark is pending. Id. Ex. D. All of the service marks at issue here (the "Marks") are names of well-known but now-defunct department stores. See Am. Answer & Countercl. ¶ 15.

All four applications were filed as "intent to use" applications pursuant to Lanham Act section 1051(b) and were accordingly accompanied with Statements of Use ("SOU"). Lo Cicero Decl. Exs. E-H. A service mark applicant may begin the registration process under the Lanham Act before using the marks in commerce, provided that the applicant shows a "bona fide intention to use the mark in commerce at a later date." 15 U.S.C. § 1051(b). Such applications are called "intent to use" applications, and registration under these applications is granted if the applicant files a verified statement of commercial use proving eventual use of the mark in commerce. Id. § 1051(d). In general, an applicant may not file a statement of use until the applicant has made use of the mark in commerce on or in connection with all services specified in the notice of allowance. See 37 C.F.R. § 2.88 (describing the USPTO's requirements for filing a statement of

1 use).

2     Each of Defendant's SOUs affirms that, per Lanham Act
3 section 1051(b)'s requirements for service mark registration,
4 "[t]he mark is in use in commerce on or in connection with all
5 goods or services listed in the application." Lo Cicero Decl. Exs.
6 E-H. Each SOU also contains a sworn, signed declaration that
7 Defendant "is using the mark in commerce on or in connection with
8 the goods/services identified." Lo Cicero Decl. Exs. E-H.
9 Specifically, each SOU identifies the services for which Defendant
10 claims to be using the Mark as:

- retail department store and on-line retail department store services
- retail and on-line retail clothing boutiques
- retail and on-line clothing stores
- retail and on-line retail apparel stores
- retail and on-line retail store services featuring clothing and fashion accessories

16 Id. Exs. E-H.

17     Each Mark's application is also accompanied by the requisite
18 Specimen of Use ("Specimen"), which provides proof of how Defendant
19 claims to be using the mark in commerce. Id. Exs. I-L. The
20 Specimens are screenshots taken from Defendant's website, "Retro
21 Department Stores" (RetroDepartmentStores.com). See id. Each
22 Mark's Specimen is a screenshot of that Mark's sub-page, each of
23 which features the Mark on a t-shirt that the visitor can purchase
24 by clicking an "Add to Cart" button, a brief history of the Mark's
25 namesake department store, and, in some cases, a video clip of an
26 old commercial for that store. See id.

27     Defendant's business, as described on its website, is meant to
28 bring back some of "the great department stores of the 20th

century" by rebuilding and restoring "well-loved" department store brands, including Robinson's May, The Broadway, The Bon Marche, and Abraham & Straus. Id. Ex. M. Specifically, Defendant described its plan as follows, on Retro Department Stores' "About" page:

> You'll see these stores first as part of this "nostalgic" virtual mall. Then we plan to branch out with unique accessories at small boutiques, followed by exclusive apparel by up and coming designers, and then ultimately with actual "Brick and Mortar" stores throughout the United States with a full line-up of products.

Id.

As to the factual dispute that forms the root of the instant motion for summary judgment, Defendant never actually sold any "unique accessories," "exclusive apparel," or other products, and never opened any "small boutiques" or "Brick and Mortar" stores. Plaintiffs claim that these facts render all of Defendants' registrations void. Mot at 9-16. Plaintiff claims that none of Defendant's preparatory activities or other work is sufficient to satisfy the Lanham Act's requirements for "intent to use" applications or use in commerce. See id. Defendant insists that its evidence -- invoices from companies it says it retained to build its website and provide merchandise, deposition testimony as to employees' duties, and correspondence related to its work publicizing its business -- satisfies the Lanham Act's requirements, rendering Defendant's Marks presumptively valid and capable of supporting Defendant's counter-claims against Plaintiffs. See Opp'n at 2-8.

Plaintiffs now move for partial summary judgment as to Defendant's counterclaims, arguing that there is no genuine issue

4

1 of material fact as to the invalidity of Defendant's Marks, thereby
2 rendering unsupportable Defendant's counterclaims for Plaintiff's
3 infringement of the Marks.  Mot. at 9.  Defendant opposes
4 Plaintiffs' motion, arguing that genuine issues of material fact
5 exist as to the definition of Defendant's services and whether
6 Defendant used the Marks in commerce.  Opp'n at 3-7.

## III. LEGAL STANDARD

Entry of summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Summary judgment should be granted if the evidence would require a directed verdict for the moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251 (1986).  The moving party bears the initial burdens of production and persuasion.  Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc., 210 F.3d 1099, 1102 (9th Cir. 2000).

"In order to carry its burden of production, the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial."  Id.  "In order to carry its ultimate burden of persuasion on the motion, the moving party must persuade the court that there is no genuine issue of material fact."  Id.  A genuine issue for trial exists if the non-moving party presents evidence from which a reasonable jury, viewing the evidence in the light most favorable to that party, could resolve the material issue in his or her favor.  Anderson, 477 U.S. at 248-

49.

The Ninth Circuit has instructed that "[b]ecause of the intensely factual nature of trademark disputes, summary judgment is generally disfavored in the trademark arena." Rearden LLC v. Rearden Commerce, Inc., 683 F.3d 1190, 1202 (9th Cir. 2012) (quoting Interstellar Starship Servs., Ltd. v. Epix, Inc., 184 F.3d 1107, 1109 (9th Cir. 1999)); see also Levi Strauss & Co. v. Blue Bell, Inc., 778 F.2d 1352, 1356 n.5 (9th Cir. 1985).

## IV. DISCUSSION

The Marks at issue here are service marks. The Lanham Act provides the definition of a service mark:

> The term "service mark" means any word, name, symbol, or device, or any combination thereof --
> (1) used by a person, or
> (2) which a person has a bona fide intention to use in commerce and applies to register . . .
> to identify and distinguish the services of one person, including a unique service, from the services of others and to indicate the source of the services, even if that source is unknown.

15 U.S.C. § 1127. A service mark is virtually identical to a "trademark," but a trademark identifies goods, and a service mark identifies intangible services. Id.; Aycock Eng'g, Inc. v. Airflite, Inc., 560 F.3d 1350, 1356 (9th Cir. 2009).

Both trademarks and service marks are governed by the same statutory criteria for registration and validity. Aycock, 560 F.3d at 1357. One such criterion is the "use in commerce" prerequisite to registration under the Lanham Act. Id. "In short, a mark shall be deemed to be in use in commerce . . . on services when it is

6

used or displayed in the sale or advertising of services and the services are rendered in commerce." Rearden, 683 F.3d at 1204 (citing 15 U.S.C. § 1127) (internal quotation marks omitted). This requirement has two parts: "(1) an element of actual use, and (2) an element of display." Chance v. Pac-Tel Teletrac, Inc., 242 F.3d 1151, 1159 (9th Cir. 2001).

In determining whether a service mark meets the Lanham Act's use in commerce requirement, district courts within the Ninth Circuit are to employ a "totality of the circumstances" test that considers not only the actual sales activity under the trademark or service mark, but also non-sales activity:

> In applying this approach, the district courts should be guided in their consideration of non-sales activities by factors we have discussed, such as [1] the genuineness and commercial character of the activity, [2] the determination of whether the mark was sufficiently public to identify or distinguish the marked service in an appropriate segment of the public mind as those of the holder of the mark, [3] the scope of the non-sales activity relative to what would be a commercially reasonable attempt to market the service, [4] the degree of ongoing activity of the holder to conduct the business using the mark, [5] the amount of business transacted, and [6] other similar factors which might distinguish whether a service has actually been "rendered in commerce."

Chance, 242 F.3d at 1159. Actual sales of a service, while important, are therefore not required for a service mark to meet the "use in commerce" requirement, though at the other end of the spectrum, mere advertisement or preparation for use does not suffice. See id.; see also Rearden, 683 F.3d at 1204; Brookfield Commc'ns, Inc. v. West Coast Entm't Corp., 174 F.3d 1036, 1052 (9th Cir. 1999). Moreover, once a mark has been federally registered,

there attaches a prima facie presumption of validity that can be rebutted by a preponderance of evidence showing invalidity. See Brookfield, 174 F.3d at 1047.

Keeping in mind the Ninth Circuit's instruction that the "intensely factual nature of trademark disputes" means that summary judgment "is generally disfavored in the trademark arena," Rearden, 683 F.3d at 1202, and drawing all inferences in the non-movant Defendant's favor, the Court finds that there are genuine, disputed issues of material fact as to the definitions of Defendant's services. See, e.g., Opp'n at 2-4; Reply at 9-12. Specifically, the parties' dispute over the definitions of "retail" and "on-line" in Defendant's SOUs could reasonably be resolved in favor of either party. See Nissan Fire, 210 F.3d at 1102.

The Court also finds that there are genuine, disputed issues concerning whether, under the Ninth Circuit's "totality of circumstances" standard, Defendant's sales- and non-sales-related activities meet the "use in commerce" requirement for service mark registration. See Chance, 242 F.3d at 1159. Plaintiffs argue that all of the evidence concerning Defendant's Marks and the Retro Department Stores website, as well as the USPTO's ongoing office action concerning the validity of the "Abraham & Straus" Mark, makes clear that Defendant's activities concerning the Marks pertain to possible future uses, and that Defendant has never actually rendered any services under the Mark. See Mot. at 9-14; Reply at 12-14. Defendant responds in relevant part that its activities in their totality are cognizable preparatory activities under the Lanham Act, and that its on-line activities were indeed uses in commerce. See Opp'n at 3-8. Based on the evidence that

8

the parties provided, as rwell as the arguments in their briefs, the Court finds that Plaintiffs fail to meet their burden on these points as well.

In total, Plaintiffs have not persuaded the Court that there are no material issues of fact for trial. A reasonable jury, reviewing the evidence that the parties have provided up to this point and regarding the evidence in the light most favorable to Defendant, could resolve the instant matter in Defendant's favor. Anderson, 477 U.S. at 248-49.

## V.  CONCLUSION

For the reasons described above, the Court DENIES Plaintiffs Macy's, Inc. and Macys.com, Inc.'s motion for summary judgment against Defendant Strategic Marks, LLC.

IT IS SO ORDERED.

Dated: March 19, 2013

_____
UNITED STATES DISTRICT JUDGE