AMSTER, ROTHSTEIN & EBENSTEIN LLP
ANTHONY F. LO CICERO, NY SBN1084698
alocicero@arelaw.com
CHESTER ROTHSTEIN, NY SBN2382984
crothstein@arelaw.com
MARC J. JASON, NY SBN2384832
mjason@arelaw.com
JESSICA CAPASSO, NY SBN4766283
jcapasso@arelaw.com
90 Park Avenue
New York, NY 10016
Telephone:    (212) 336-8000
Facsimile:    (212) 336-8001
(Admitted *Pro Hac Vice*)

HANSON BRIDGETT LLP
GARNER K. WENG, SBN191462
gweng@hansonbridgett.com
CHRISTOPHER S. WALTERS, SBN267262
cwalters@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone:    (415) 777-3200
Facsimile:    (415) 541-9366

Attorneys for Plaintiffs MACY'S, INC. and
MACYS.COM, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| MACY'S, INC. and MACYS.COM, INC., | Case No. CV 11-6198 SC |
| Plaintiffs, | **STIPULATED PROTECTIVE ORDER** |
| v. | |
| STRATEGIC MARKS, LLC, | |
| Defendant. | |
| AND RELATED COUNTERCLAIMS | |

**1.     PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order ("Stipulated Order").  The parties acknowledge that this Stipulated Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 and General Order 62 set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.  The parties further acknowledge that the protections afforded by this Stipulated Order apply to Protected Material properly designated as so by either party prior to the parties entering into this Stipulated Order.

**2.     DEFINITIONS**

2.1     **Challenging Party:** a Party or Non-Party that challenges the designation of information or items under this Stipulated Order.

2.2     "**CONFIDENTIAL" Information or Items**: Disclosure or Discovery Material (regardless of how it is generated, stored, maintained, or produced) and/or tangible things qualify for protection as "CONFIDENTIAL" Information or Items if their disclosure to the public would violate a personal, financial, or other interest protected by law (such as a trade secret or other confidential research, development, or proprietary commercial information) or such Disclosure or Discovery Material and/or tangible things otherwise qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3     **Counsel:** Outside Counsel and/or House Counsel (as well as their

1  associated attorneys and support staff).

2       2.4    **Designated House Counsel:** House Counsel who seek access to

3  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.

4       2.5    **Designating Party:** a Party or Non-Party that designates information or

5  items that it produces in disclosures or in responses to discovery as either

6  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

7  Information or Items.

8       2.6    **Disclosure or Discovery Material:** all items, testimony or information,

9  regardless of the medium or manner in which it is generated, stored, maintained or

10  produced (including, among other things, testimony, transcripts, videotaped depositions,

11  video cassettes , or other digital media upon which the recorded deposition has been

12  stored, and tangible things), that are produced or generated in disclosures or responses

13  to discovery sought (in writing and/or during a deposition) in this matter.

14       2.7    **Expert:** a person with specialized knowledge or experience in a matter

15  pertinent to the litigation who has been retained by a Party or its Counsel to serve as an

16  expert witness or as a consultant in this action.

17       2.8    "**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or**

18  **Items:** extremely sensitive "CONFIDENTIAL" Information or Items, disclosure of which to

19  another Party or Non-Party would create a substantial risk of serious harm that could not

20  be avoided by less restrictive means.

21       2.9    **House Counsel:** attorneys who are employees of a party to this action.

22  House Counsel does not include Outside Counsel.

23       2.10    **Non-Party:** any natural person, partnership, corporation, association, or

24  other legal entity not named as a Party to this action.

25       2.11    **Outside Counsel:** attorneys who are not employees of a party to this

26  action, but are retained to represent or advise a party to this action in connection with this

27  action, or are affiliated with a law firm which has appeared on behalf of that party in this

28

1  action.

2      2.12   **Party:** any party to this action, including all of its officers, directors,

3  employees, consultants, retained experts, and Outside Counsel (and their support staffs).

4      2.13   **Producing Party:** a Party or Non-Party that testifies or provides Disclosure

5  or Discovery Material to (or makes such material available for inspection to) a Receiving

6  Party in connection with this action.

7      2.14   **Professional Vendors:** persons or entities that provide litigation support

8  services (e.g., photocopying, court reporting, stenographic reporting, videotaping,

9  translating, preparing exhibits or demonstrations, and organizing, copying, imaging,

10  coding, converting, storing or retrieving data, documents or information, or designing

11  programs for handling data connected with this litigation in any form or medium), and

12  their employees and subcontractors.

13      2.15   **Protected Material:** any Disclosure or Discovery Material that is

14  designated by a Designating Party as "CONFIDENTIAL" or "**HIGHLY CONFIDENTIAL –**

15  **ATTORNEYS' EYES ONLY**" Information or Items (or deemed to be so pursuant to the

16  terms of this Stipulated Protective Order).

17      2.16   **Receiving Party:** a Party that receives Disclosure or Discovery Material

18  from a Producing Party.

19  **3.     SCOPE**

20      The protections conferred by this Stipulation and Order cover not only Protected

21  Material (as defined above), but also the following material which is hereby deemed to

22  constitute Protected Material under this Stipulated Order: (1) any information copied or

23  extracted from Protected Material by (or at the behest) of someone other than the

24  Designating Party for that Protected Material; (2) all copies, excerpts, summaries, or

25  compilations of Protected Material made by (or at the behest) of someone other than the

26  Designating Party for that Protected Material; and (3) any testimony, conversations, or

27  presentations by Parties or their Counsel that might reveal Protected Material.

28

1    However, the protections conferred by this Stipulated Order do not cover

2  information: (i) lawfully acquired by the Receiving Party (by means other than discovery

3  in this litigation) prior to its disclosure by the Designating Party in a manner that did not

4  impose any obligation of confidentiality upon the Receiving Party; (ii) lawfully acquired by

5  the Receiving Party from a third party who obtained the information lawfully, was under

6  no obligation of confidentiality to the Designating Party when it provided the information

7  to the Receiving Party, and failed to impose any conditions of confidentiality upon the

8  Receiving Party; (iii) was in the public domain when it was disclosed by the Designating

9  Party to the Receiving Party; (iv) entered the public domain (after its disclosure by the

10  Designating Party to the Receiving Party) as a result of a publication not involving a

11  violation of this Stipulated Order, including becoming part of the public record through

12  trial or otherwise.  The Parties shall confer in good faith prior to trial in an attempt to

13  devise any necessary additional and/or alternate protective procedures to be applicable

14  at trial that are satisfactory to the Court.

15    This Stipulated Order has no effect upon, and its scope shall not extend to, any

16  Party's use or disclosure of its own "CONFIDENTIAL" Information or Items.

17    Protected Material that has been produced by a Designating Party prior to the

18  parties execution of this Stipulated Order shall be afforded the full protections conferred

19  by this Stipulated Order.

20  **4.    DURATION**

21    Even after final disposition of this litigation, the confidentiality obligations imposed

22  by this Stipulated Order shall remain in effect until a Designating Party agrees otherwise

23  in writing or a court order otherwise directs. Final disposition shall be deemed to be the

24  later of (1) dismissal of all claims and defenses in this action, with or without prejudice;

25  and (2) final judgment herein after the completion and exhaustion of all appeals,

26  rehearings, remands, trials, or reviews of this action, including the time limits for filing any

27  motions or applications for extension of time pursuant to applicable law.

28

**5.      DESIGNATING PROTECTED MATERIAL**

5.1      **Exercise of Restraint and Care in Designating Material for Protection.**

Each Party or Non-Party that designates information or items for protection under this Stipulated Order shall make a good faith effort to limit any such designation only to material that qualifies for protection hereunder (according to the standards set forth in paragraphs 2.2 and 2.8 of this Stipulated Order).  Where practicable, a Designating Party shall designate for protection only the qualifying portions of material, documents, items, or oral or written communications, leaving non-qualifying material, documents, items, and oral or written communications undesignated.

Mass and/or indiscriminate designations are prohibited. The designation of any information or items as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information or Items pursuant to terms of this Stipulated Order shall constitute the verification by Counsel of record for the Producing Party that at least one attorney has reviewed the material being designated and that the designation is, in the good faith judgment of the Producing Party's Counsel, consistent with the terms of this Stipulated Order.  Designations that are shown to be clearly unjustified, or to have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party shall promptly notify all other parties that it is withdrawing the mistaken designation.

5.2      **Manner and Timing of Designations.**

Except as otherwise provided in this Stipulated Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Stipulated Order must be clearly

designated as such before the material is disclosed or produced.

Designation in conformity with this Stipulated Order requires:

(a) <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains Protected Material. If only a portion of the material appearing on such a page qualifies for protection hereunder, the Producing Party must *also* clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion thus identified, the level of protection being asserted for the referenced material.

A Party or Non-Party that makes original documents or materials available for inspection need not designate any portions thereof for protection until after the inspecting Party has indicated which documents or material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be temporarily deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied and/or produced, the Producing Party shall be provided with a reasonable opportunity (prior to copying and/or production of the requested documents) to determine which of the requested documents, or portions thereof, qualify for protection under this Stipulated Order, and to designate its Protected Material as such.

(b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the Designating Party identify on the record all protected testimony and specify the level of protection being asserted before the close of the deposition, hearing, or other proceeding. If a Party has reasons for believing it may be (or has been) impractical to comply fully with this requirement,  and/or it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record prior to the conclusion of the deposition, hearing, or other proceeding, a right to have up

1  to 21 days following the deposition (the "21-Day Review Period"), hearing, or other

2  proceeding to identify the specific portions of the testimony as to which protection is

3  sought and to specify the level of protection being asserted.  Following expiration of such

4  21-Day Review Period, only those portions of the testimony that are appropriately

5  designated for protection within that 21-Day Review Period shall be covered by the

6  provisions of this Stipulated Order.

7      Alternatively, when there is good cause to do so, a Designating Party may

8  specify, during the deposition or up to 21 days afterwards (if that period is properly

9  invoked during the deposition), that the *entire* transcript shall be treated as

10 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

11     Parties shall give the other parties reasonable notice if they reasonably

12 expect a deposition, hearing or other proceeding to include Protected Material so that the

13 other parties can ensure that only authorized individuals who have signed the

14 "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those

15 proceedings. Nonetheless, if Protected Material is about to be (or at risk of being)

16 disclosed during a deposition, then prior to disclosure of the Protected Material, any

17 person not authorized to receive the Protected Material pursuant to paragraph 7.2 or

18 paragraph 7.3 below shall be excluded from the deposition until testimony regarding

19 those matters has been concluded.  The use of a document as an exhibit at a deposition

20 shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY

21 CONFIDENTIAL – ATTORNEYS' EYES ONLY."

22     Transcripts containing Protected Material shall have an obvious legend on

23 the title page that the transcript contains Protected Material, and the title page shall be

24 followed by a list of all pages (including line numbers as appropriate) that have been

25 designated as Protected Material and the level of protection being asserted by the

26 Designating Party.  Additionally, each page of the transcript containing Protected Material

27 shall be individually marked as containing Protected Material, including the level of

28

1 protection being asserted by the Designating Party for such Protected Material. The

2 Designating Party shall inform the court reporter of these requirements. Any transcript

3 that is prepared before the expiration of a 21-Day Review Period shall be treated by all

4 parties during that period as if it had been designated "HIGHLY CONFIDENTIAL –

5 ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration

6 of that period, the transcript shall be treated as Protected Material only if, and as, actually

7 designated.

8        (c) <u>for information produced in some form other than documentary and for</u>

9 <u>any other tangible items</u>, that the Producing Party affix in a prominent place on the

10 exterior of the container or containers in which the information or item is stored (and to

11 the extent possible, on the information or item itself) the legend "CONFIDENTIAL" or

12 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only a portion or portions of

13 the information or item warrant protection, the Producing Party, to the extent practicable,

14 shall identify the protected portion(s) and specify the level of protection being asserted.

15     A 21-Day Review Period shall automatically commence upon the Parties' final

16 execution of this Stipulated Order during which the Parties may (i) identify specific

17 portions of deposition testimony taken previously in this action for which protection under

18 this Stipulated Order is sought and (ii) specify the level of protection being asserted under

19 this Stipulated Order.  Following expiration of this automatic 21-Day Review Period, only

20 those portions of the previous deposition testimony that are appropriately designated for

21 protection within the automatic 21-Day Review Period shall be covered by the provisions

22 of this Stipulated Order.

23     5.3   **Inadvertent Failures to Designate.**

24     To the extent that material which should have been designated as

25 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" is

26 inadvertently produced without such designation, the Producing Party shall provide

27 written notice of the material that was inadvertently produced, the designation that is

28

STIPULATED PROTECTIVE ORDER

1 applicable to the material, and the date of discovery of the inadvertent production to the

2 Receiving Party immediately following discovery of the inadvertent production.  Following

3 receipt of notice of a designation applied pursuant to this paragraph, the Receiving Party

4 must make reasonable efforts to assure that the newly designated material is treated in

5 accordance with the provisions of this Stipulated Order.

6 **6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS**

7       6.1      **Grounds and Timing for Challenges.**

8       Any Party or Non-Party may challenge a designation of confidentiality at any time

9 for failure to meet the qualifications set forth in paragraphs  2.2, 2.8, 5.1, and/or 5.2 of

10 this Stipulated Order, for unreasonable delay in designating material pursuant to

11 paragraph 5.3 of this Stipulated Order, or because the designation exceeds the

12 limitations (which are set forth in paragraph 3 of this Stipulated Order) on protections

13 offered hereunder. Unless a prompt challenge to a Designating Party's confidentiality

14 designation is necessary to avoid foreseeable, substantial unfairness, unnecessary

15 economic burdens, or a significant disruption or delay of the litigation, a Party does not

16 waive its right to challenge a confidentiality designation by failing to mount a challenge

17 promptly after the original designation is made.

18       6.2      **Meet and Confer.**

19       The Challenging Party shall initiate a dispute resolution process by serving (by

20 hand delivery, U.S. Mail or e-mail) written notice of each designation it is challenging and

21 describing the basis for each challenge (the "Notice"). To avoid ambiguity as to whether a

22 challenge has been made, the Notice must recite that the challenge to confidentiality is

23 being made in accordance with this specific paragraph of the Stipulated Order. The

24 parties shall attempt to resolve each challenge in good faith, and must begin the process

25 by conferring directly with each other in person or telephonically (other forms of

26 communication are not sufficient) within 14 days after the date upon which the Notice

27 was hand delivered, mailed, or e-mailed. In conferring, the Challenging Party must

28

STIPULATED PROTECTIVE ORDER

explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only after engaging in this meet and confer process or establishing that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3    **Judicial Intervention.**

If the Parties cannot resolve a challenge without court intervention, the Challenging Party shall file and serve a motion challenging a confidential designation under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5 and General Order 62, if applicable) within 21 days after the initial Notice of challenge, or within 14 days after the parties agree that the meet and confer process will not resolve their dispute, whichever is earlier.  Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  All parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

**7.    ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1    **Basic Principles.**

A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed

STIPULATED PROTECTIVE ORDER

1 only to the categories of persons and under the conditions described in this Stipulated

2 Order. When the litigation has been terminated, a Receiving Party must comply with the

3 provisions of Section 13 below.

4       Protected Material must be stored and maintained by a Receiving Party at a

5 location and in a secure manner that ensures that access is limited to the persons

6 authorized under this Stipulated Order.

7       **7.2**     **Disclosure of "CONFIDENTIAL" Information or Items.**

8       Unless otherwise ordered by the Court or permitted in writing by the Designating

9 Party, a Receiving Party may disclose any information or item designated

10 "CONFIDENTIAL" only to:

11          (a)     the Court and its personnel;

12          (b)     any alternative dispute resolution personnel engaged in the above

13 captioned proceedings to whom it is reasonably necessary to disclose the information for

14 this litigation who has been provided with a copy of this Stipulated Order and thereafter

15 signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

16          (c)     the Receiving Party's Outside Counsel in this action if said Outside

17 Counsel executed this Stipulated Order, and any other Outside Counsel (or employee

18 thereof) to whom it is reasonably necessary to disclose the information for this litigation

19 who has either (i) been provided with a copy of this Stipulated Order and thereafter

20 signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), or (ii) personally

21 signed some other confidentiality agreement (enforceable by the law firm with which the

22 Receiving Party's Outside Counsel who executed this Stipulated Order was associated at

23 the time) which obligates said Outside Counsel (or employee thereof) to protect such

24 information or Items in a manner consistent with, or exceeding, the applicable standards

25 set forth herein;

26          (d)     any managing agent, officer, or director, or House Counsel to whom

27 disclosure is reasonably necessary for this litigation, or any other employee of the

28

1 | Receiving Party who is supervising the Receiving Party's Outside Counsel or House
2 | Counsel in connection with this litigation (or to whom Outside or House Counsel for the
3 | Receiving Party otherwise reports in connection with this litigation);

4 |       (e)    any Party's insurers, if any, to whom disclosure is reasonably
5 | necessary in connection with this litigation, or their Counsel who has been provided with
6 | a copy of this Stipulated Order and thereafter signed the "Acknowledgment and
7 | Agreement to Be Bound" (Exhibit A).

8 |       (f)    the author or recipient of a document containing the information or a
9 | custodian or other person who otherwise possessed, knew or had authorized access to
10 | the information;

11 |       (g)    any Professional Vendor(s) (together with their associates,
12 | consultants, and clerical and secretarial staff) to whom disclosure is reasonably
13 | necessary for this litigation so long as said Professional Vendors have either (i) been
14 | provided with a copy of this Stipulated Order and thereafter signed the "Acknowledgment
15 | and Agreement to Be Bound" (Exhibit A), or (ii) signed some other confidentiality
16 | agreement enforceable by the Receiving Party (or its agent(s)) which obligates the
17 | Professional Vendor(s) to protect the information or items in a manner consistent with, or
18 | exceeding, the standards set forth herein;

19 |       (h)    Experts (as defined in this Stipulated Order), professional jury or trial
20 | consultants, and any other Non-Party consultants (together with their associates,
21 | consultants, and clerical and secretarial staff) of the Receiving Party retained to assist in
22 | the prosecution, defense, arbitration, mediation, settlement, or other disposition of this
23 | action to whom disclosure is reasonably necessary for this litigation so long as said such
24 | Experts, consultants (and associates, consultants, and clerical and secretarial staff
25 | thereof) have either (i) been provided with a copy of this Stipulated Order and thereafter
26 | signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), or (ii) signed
27 | some other confidentiality agreement enforceable by the Receiving Party (or its agent(s))

28 |

which obligates the Experts, consultants (and associates, consultants, and clerical and secretarial staff thereof) to protect the information or items in a manner consistent with, or exceeding, the standards set forth herein;

(i)     any employee of a Receiving Party not otherwise described herein to whom disclosure is reasonably necessary while preparing for a deposition taken pursuant to FRCP 30(b)(6), so long as such employee has been provided with a copy of this Stipulated Order and thereafter signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(j)     during their depositions, any witness in the action not otherwise described herein to whom disclosure is reasonably necessary and who has been provided with a copy of this Stipulated Order and thereafter signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court;

(k)     any other person to whom the Designating Party has consented to disclosure in advance and in writing as set forth in paragraph 7.2 who has been provided with a copy of this Stipulated Order and thereafter signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(l)     any member of a jury, or alternate thereto, assigned to hear the above-captioned case.

(m)     The above list of persons to whom "CONFIDENTIAL" Information or Items may be provided may be expanded by mutual agreement of the Parties.  Any Party may propose such an expansion by serving a letter on all Outside Counsel specifically identifying (and describing the role and function of) the person(s) proposed to be added to the list ("Expansion Letter").  Person(s) so identified shall be automatically added to the persons listed in paragraph 7.2 unless (within ten (10) business days of service of the Expansion Letter) any Counsel for a Party objects to the Expansion Letter by serving a written objection stating a good faith basis for such an objection.  To the extent a Party's

1  Counsel objects to an Expansion Letter, the proposed expansion is denied, and no

2  "CONFIDENTIAL" Information or Items produced by the objecting Party may be disclosed

3  in contravention to such objection unless and until the objecting Party voluntarily retracts

4  the objection in writing, or the Court so orders.

5        7.3   **Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"**

6  **Information or Items.**

7        Unless otherwise ordered by the Court or permitted in writing by the Designating

8  Party, a Receiving Party may disclose any information or item designated "HIGHLY

9  CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

10       (a)   the Court and its personnel;

11       (b)   any alternative dispute resolution personnel engaged in the above

12  captioned proceedings to whom it is reasonably necessary to disclose the information for

13  this litigation who has been provided with a copy of this Stipulated Order and thereafter

14  signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and to whom the

15  procedures set forth in paragraph 7.4(a)(1), below, have been followed;

16       (c)   the Receiving Party's Outside Counsel in this action if said Outside

17  Counsel executed this Stipulated Order, and any other Outside Counsel (or employee

18  thereof) to whom it is reasonably necessary to disclose the information for this litigation

19  who has either (i) been provided with a copy of this Stipulated Order and thereafter

20  signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), or (ii) personally

21  signed some other confidentiality agreement (enforceable by the law firm with which the

22  Receiving Party's Outside Counsel who executed this Stipulated Order was associated at

23  the time) which obligates said Outside Counsel (or employee) to protect such information

24  or Items in a manner consistent with, or exceeding, the applicable standards set forth

25  herein;

26       (d)   Designated House Counsel of the Receiving Party  (i) to whom

27  disclosure is reasonably necessary for this litigation, (ii) have been provided with a copy

28

STIPULATED PROTECTIVE ORDER

of this Stipulated Order and thereafter signed the "Acknowledgment and Agreement to Be

Bound" (Exhibit A), and (iii) as to whom the procedures set forth in paragraph 7.4(a)(2),

below, have been followed;

(e)     the author or recipient of a document containing the information or a

custodian or other person who otherwise possessed, knew or had authorized access to

the information;

(f)     any Professional Vendor(s) (together with their associates,

consultants, and clerical and secretarial staff) to whom disclosure is reasonably

necessary for this litigation so long as said Professional Vendors have either (i) been

provided with a copy of this Stipulated Order and thereafter signed the "Acknowledgment

and Agreement to Be Bound" (Exhibit A), or (ii) signed some other confidentiality

agreement enforceable by the Receiving Party (or its agent(s)) which obligates the

Professional Vendor(s) to protect the information or items in a manner consistent with, or

exceeding, the standards set forth herein;

(g)     Experts (as defined in this Stipulated Order), professional jury or trial

consultants, and any other Non-Party consultants (together with their associates,

consultants, and clerical and secretarial staff) of the Receiving Party retained to assist in

the prosecution, defense, arbitration, mediation, settlement, or other disposition of this

action to whom disclosure is reasonably necessary for this litigation so long as said such

Experts, consultants (and associates, consultants, and clerical and secretarial staff

thereof) have either (i) been provided with a copy of this Stipulated Order and thereafter

signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), or (ii) signed

some other confidentiality agreement enforceable by the Receiving Party (or its agent(s))

which obligates the Experts, consultants (and associates, consultants, and clerical and

secretarial staff thereof) to protect the information or items in a manner consistent with, or

exceeding, the standards set forth herein, and to whom the procedures set forth in

paragraph 7.4(a)(3), below, have been followed;

STIPULATED PROTECTIVE ORDER

1    (h)    any other person to whom the Designating Party has consented to

2  disclosure in advance and in writing as set forth in paragraph 7.4(a)(4) below who has

3  been provided with a copy of this Stipulated Order and thereafter signed the

4  "Acknowledgment and Agreement to Be Bound" (Exhibit A) , and to whom the procedures

5  set forth in paragraph 7.4(a)(4), below, have been followed; and

6    (i)    any member of a jury, or alternate thereto, assigned to hear the

7  above-captioned case.

8    7.4    **Procedures for Approving or Objecting to Disclosure of "HIGHLY**

9  **CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Dispute**

10  **Resolution Personnel, Designated House Counsel, Experts or Others.**

11    (a)(1) Unless otherwise ordered by the Court or agreed to in writing by the

12  Designating Party, a Party that seeks to disclose to any mediator or arbitrator engaged in

13  the above captioned proceedings any information or item that has been designated

14  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(b)

15  first must make a written request to the Designating Party that (1) sets forth the full name

16  of the mediator or arbitrator and the city and state of his or her residence, (2) attaches a

17  copy of the mediator's or arbitrator's current resume, (3) identifies the mediator's or

18  arbitrator's current employer, (4) sets forth an explanation as to why the Party believes

19  disclosure of the information is reasonably necessary, and (5) provides the Designating

20  Party with at least three specific dates and/or times upon which the Party seeking to

21  disclose to the mediator or arbitrator shall be available to meet and confer with the

22  Designating Party in advance of such disclosure.

23    (a)(2) Unless otherwise ordered by the Court or agreed to in writing by the

24  Designating Party, a Party that seeks to disclose to Designated House Counsel any

25  information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS'

26  EYES ONLY" pursuant to paragraph 7.3(d) first must make a written request to the

27  Designating Party that (1) sets forth the full name of the Designated House Counsel and

28

the city and state of his or her residence, and (2) describes the Designated House

Counsel's current and reasonably foreseeable future primary job duties and

responsibilities in sufficient detail to determine if the Designated House Counsel is

involved, or may become involved, in any competitive decision-making.  Any Designated

House Counsel who receives "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

information pursuant to this Oder must disclose any relevant changes in job duties or

responsibilities within ten (10) business days of such changes or responsibilities to allow

the Designating Party to evaluate any later-arising competitive decision-making

responsibilities.

(a)(3) Unless otherwise ordered by the Court or agreed to in writing by the

Designating Party, a Party that seeks to disclose to an Expert (as defined in this

Stipulated Order) any information or item that has been designated "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(g) first must

make a written request to the Designating Party that (1) sets forth the full name of the

Expert and the city and state of his or her primary residence, (2) attaches a copy of the

Expert's current resume, (3) identifies the Expert's current employer(s), (4) identifies each

person or entity from whom the Expert has received compensation or funding for work in

his or her areas of expertise or to whom the expert has provided professional services,

including in connection with a litigation, at any time during the preceding five years (if the

Expert believes any of this information is subject to a confidentiality obligation to a third-

party, then the Expert should provide whatever information the Expert believes can be

disclosed without violating any confidentiality agreements, and the Party seeking to

disclose to the Expert shall be available to meet and confer with the Designating Party

regarding any such engagement), and (5) identifies any litigation (by name and number

of the case, filing date, and location of court, if such information is not available to the

Expert, the Expert should provide the nature of the litigation and the identity of the

attorney(s) and/or client(s) that retained the Expert in the matter) in connection with which

STIPULATED PROTECTIVE ORDER

1  the Expert has offered expert testimony, including through a declaration, report, or

2  testimony at a deposition or trial, during the preceding five years.

3          (a)(4) Unless otherwise ordered by the Court or agreed to in writing by the

4  Designating Party, a Party that seeks to disclose to any other person any information or

5  item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

6  pursuant to paragraph 7.3(h) first must make a written request to the Designating Party

7  that (1) sets forth the full name of the person to whom the Party wishes to disclose the

8  information and the city and state of his or her residence, (2) attaches a copy of that

9  person's current resume, (3) identifies the person's current employer, (4) sets forth an

10 explanation as to why the Party believes disclosure of the information is reasonably

11 necessary, and (5) provides the Designating Party with at least three specific dates

12 and/or times upon which the Party seeking to disclose to the other person shall be

13 available to meet and confer with the Designating Party in advance of such disclosure.

14       To the extent that "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

15 ATTORNEYS' EYES ONLY" information or items may be disclosed to a non-testifying

16 Expert, the Party seeking to disclose such material may do so without disclosure of the

17 identity of the non-testifying Expert as long as the non-testifying Expert is not a current or

18 former officer, director, or employee of a competitor of a Party or anticipated to become

19 one.

20          (b) A Party that makes a request and provides the information specified in

21 the preceding respective paragraphs may disclose the subject Protected Material to the

22 identified mediator, arbitrator, Designated House Counsel, Expert or other person unless,

23 within ten (10) business days of delivering the request, the Party receives a written

24 objection from the Designating Party. Any such objection must set forth in detail the

25 grounds on which it is based.

26          (c) A Party that receives a timely written objection must meet and confer

27 with the Designating Party (in person or over the telephone) to try to resolve the matter

28

by agreement within seven (7) business days of receipt of the written objection.  If no

agreement is reached, the Party seeking to make the disclosure to the mediator,

arbitrator, Designated House Counsel, Expert or other person may file a motion as

provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5 and General

Order 62, if applicable) seeking permission from the Court to do so.  Any such motion

must describe the circumstances with specificity, set forth in detail the reasons why the

disclosure to the mediator, arbitrator, Designated House Counsel Expert or other person

is reasonably necessary, assess the risk of harm to the Designating Party that the

disclosure would entail and the risk of harm to the Party seeking such disclosure if the

disclosure is not permitted, and suggest any additional means that could be used to

reduce such  risks. In addition, any such motion must be accompanied by a competent

declaration describing the parties' efforts to resolve the matter by agreement (i.e., the

extent and the content of the meet and confer discussions) and setting forth the reasons

advanced by the Designating Party for its refusal to approve the requested disclosure.

In any such proceeding, the Party opposing disclosure to the mediator, arbitrator,

Designated House Counsel,  Expert or other person shall bear the burden of proving that

the risk of harm that the disclosure would entail (under the safeguards proposed)

outweighs the Receiving Party's need to disclose the Protected Material to the mediator,

arbitrator, Designated House Counsel, Expert or other person.

**8.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN**

**OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that

compels disclosure of any information or items designated in this action as

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party

must:

(a)      promptly notify in writing the Designating Party. Such notification

shall include a copy of the subpoena or court order;

1    (b)    promptly notify in writing the party who caused the subpoena or

2  order to issue in the other litigation that some or all of the material covered by the

3  subpoena or order is subject to this Stipulated Order. Such notification shall include a

4  copy of this Stipulated Protective Order; and

5      (c)    cooperate with respect to all reasonable procedures sought to be

6  pursued by the Designating Party whose Protected Material may be affected.

7      If the Designating Party timely seeks a protective order, the Party served with the

8  subpoena or court order shall not produce any information designated in this action as

9  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a

10  determination by the Court from which the subpoena or order issued, unless the Party

11  has obtained the Designating Party's permission. The Designating Party shall bear the

12  burden and expense of seeking protection in that Court of its Protected Material – and

13  nothing in these provisions should be construed as authorizing or encouraging a

14  Receiving Party in this action to disobey a lawful directive from another court.

15  **9.**    **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE**

16        **PRODUCED IN THIS LITIGATION**

17      (a)    The terms of this Stipulated Order are applicable to information

18  produced by a Non-Party in this action and designated as "CONFIDENTIAL" of "HIGHLY

19  CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Such information produced by Non-

20  Parties in connection with this litigation is protected by the remedies and relief provided

21  by this Stipulated Order. Nothing in these provisions should be construed as prohibiting a

22  Non-Party from seeking additional protections.

23      (b)    In the event that a Party is required, by a valid discovery request, to

24  produce a Non-Party's confidential information in its possession, and the Party is subject

25  to an agreement with the Non-Party not to produce the Non-Party's confidential

26  information, then the Party shall:

27      (1)    promptly notify in writing the Requesting Party and the Non-Party

28

1    that some or all of the information requested is subject to a

2    confidentiality agreement with a Non-Party;

3    (2)    promptly provide the Non-Party with a copy of the Stipulated

4    Order in this litigation, the relevant discovery request(s), and a

5    reasonably specific description of the information requested; and

6    (3)    make the information requested available for inspection by the

7    Non-Party.

8    (c)    If the Non-Party fails to object or seek a protective order from this

9    Court within ten (10) business days of receiving the notice and accompanying

10    information, the Receiving Party may produce the Non-Party's confidential information

11    responsive to the discovery request.  If the Non-Party timely seeks a protective order, the

12    Receiving Party shall not produce any information in its possession or control that is

13    subject to the confidentiality agreement with the Non-Party before a determination by the

14    Court.  Absent a court order to the contrary, the Non-Party shall bear the burden and

15    expense of seeking protection in this court of its Protected Material.  Nothing in these

16    provisions should be construed as authorizing or encouraging a Receiving Party in this

17    action to disobey a lawful directive from another court order restricting disclosure of

18    confidential material.

19    **10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

20    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

21    Protected Material to any person or in any circumstance not authorized under this

22    Stipulated Order, the Receiving Party must immediately (a) notify in writing the

23    Designating Party of the unauthorized disclosures; (b) use its best efforts to retrieve all

24    unauthorized copies of the Protected Material; (c) inform the person or persons to whom

25    unauthorized disclosures were made of all the terms of this Stipulated Order; and (d)

26    request such person or persons to execute the "Acknowledgment and Agreement to Be

27    Bound" that is attached hereto as Exhibit A.

28

**11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

Inadvertent production of Protected Material without proper designation at the time of production shall not be deemed a waiver of any claim of confidentiality as to such matter.  To the extent that material subject to a claim of privilege or other protection is inadvertently produced, the Producing Party shall provide written notice to the Receiving Parties as soon as reasonably possible following the discovery of the inadvertent production specifically identifying the material that was inadvertently produced, the nature of the privilege or other protection and the date of discovery of the inadvertent production. The written notice shall be accompanied by a copy of the Material (marked as "CONFIDENTIAL" Information or Items or " HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY " in compliance with paragraph 5.2 above (and bearing the same production numbers as the previously undesignated material originally produced)) which replace in the Receiving Party's paper and electronic files of the previously undesignated material originally produced.  When a Producing Party gives such notice to the Receiving Parties, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B) with the exception that the Receiving Parties shall not use the inadvertently produced material to challenge the privilege or other protection.

**12.    MISCELLANEOUS**

12.1    **Right to Further Relief.**

Nothing in this Stipulated Order abridges the right of any person to: (a) apply to the Court for a further protective order relating to any Protected Material or relating to any discovery in this litigation; or (b) apply to the Court for an order (i) compelling production of documents, (ii) permitting disclosure of Protected Material beyond the scope contemplated by the terms of this Stipulated Order, or (iii) modifying this Stipulated Order in any other manner

12.2    **Right to Assert Other Objections.**

By stipulating to the entry of this Stipulated Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Order.

12.3   **Filing Protected Material.**

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party intending to file Protected Material under seal must provide three (3) days notice to the other Party either by facsimile or e-mail. Shortly after notice is given, the Parties shall meet and confer concerning whether said material should be filed under seal.  If it is determined through the meet and confer process that it is necessary to file the material under seal, the Party intending to file said material under seal must comply with Civil Local Rule 79-5 and General Order 62. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5 and General Order 62, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) and General Order 62 is denied by the Court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the Court.

**13.   FINAL DISPOSITION**

Within 60 days after the final disposition of this action, as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of

the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Stipulated Order as set forth in Section 4.

**14.    EXECUTION OF THE STIPULATED ORDER; COURT'S JURISDICTION.**

This Stipulated Order may be signed in counterparts, each of which, taken together, shall be one and the same document.  Faxed (or otherwise electronically transmitted) signatures on this Stipulated Order and/or the "Acknowledgment and Agreement to Be Bound" (Exhibit A) shall be deemed binding, as if originals.

This Stipulated Order shall become effective as a stipulation among the Parties immediately upon its execution by Counsel for all Parties, notwithstanding the pendency of approval by the Court.  If approval by the Court is ultimately withheld, no Receiving Party shall treat any Protected Material produced to them or generated prior to that time other than as provided in this Stipulated Order without giving the Producing Party sufficient advance notice to allow the Producing Party to apply to the Court for additional relief.

This Court shall retain jurisdiction over all persons subject to this Stipulated Order for the purposes of enforcing this Stipulated Order.

**15.    INAPPLICABILITY OF THIS STIPULATED ORDER.**

STIPULATED PROTECTIVE ORDER

1    Notwithstanding any of the foregoing, this Stipulated Order shall not apply to the

2  disclosure of any Protected Material by any Party in response to its receipt from any

3  governmental entity of a subpoena or other process or order (including but not limited to

4  a grand jury subpoena) to both (1) produce any such Protected Material in connection

5  with a criminal or quasi-criminal investigation and (2) maintain the secrecy of both the

6  request for, and the production of, the Protected Material.  Additionally, this Stipulated

7  Order shall not apply to the disclosure of any Protected Material by any Party to the

8  extent that a state or federal statute precludes that Party from disclosing the existence of

9  a subpoena to the Party whose records are sought.

10

11  **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

12

13  DATED: March 25, 2013                    HANSON BRIDGETT LLP

14

15                                          By:_____*/s/ Christopher S. Walters*_____

16                                              GARNER K. WENG
                                              CHRISTOPHER S. WALTERS
17                                              Attorneys for Plaintiffs
                                              MACY'S, INC. and MACYS.COM, INC.
18

19  DATED: March 25, 2013                    AMSTER, ROTHSTEIN & EBENSTEIN LLP

20

21

22                                          By:_____*/s/ Anthony F. Lo Cicero*_____

23                                              ANTHONY F. LO CICERO
                                              CHESTER ROTHSTEIN
24                                              MARC J. JASON
                                              JESSICA CAPASSO
25                                              Attorneys for Plaintiffs
                                              MACY'S, INC. and MACYS.COM, INC.
26

27

28

DATED: March 25, 2013                KB-ASH LAW GROUP


By:      /s/ Benjamin Ashurov
         BENJAMIN ASHUROV
         Attorneys for Defendant
         STRATEGIC MARKS, LLC

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED:  March 26, 2013      _____

         The Honorable Samuel Conti
         United States District Judge

-27-                          Case No. 11-6198 SC
STIPULATED PROTECTIVE ORDER

5043823.1

1

<u>EXHIBIT A</u>

2

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

3

I, _____ [print or type full name], of

4

_____ [print or type full address], declare under penalty of perjury that I

5

have read in its entirety and understand the Stipulated Protective Order that was issued

6

by the United States District Court for the Northern District of California on

7

_____ [date] in the case of Macy's Inc. and Macy's.com, Inc. v. Strategic

8

Marks, LLC., U.S. District Court for the Northern District of California, Case No. 11-CV-

9

06198-SC. I agree to comply with and to be bound by all the terms of the Stipulated

10

Protective Order and I understand and acknowledge that failure to so comply could

11

expose me to sanctions and punishment in the nature of contempt. I solemnly promise

12

that I will not disclose in any manner any information or item that is subject to this

13

Stipulated Protective Order to any person or entity except in strict compliance with the

14

provisions of this Stipulated Protective Order.

15

I further agree to submit to the jurisdiction of the United States District Court for

16

the Northern District of California for the purpose of enforcing the terms of this Stipulated

17

Protective Order, even if such enforcement proceedings occur after termination of this

18

action.

19

20

Date: _____

21

City and State where sworn and signed: _____

22

Printed name: _____

23

[printed name]

24

Signature: _____

25

[signature]

26

27

28