UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MACYS INC AND MACYS.COM INC, | No. C-11-06198 SC (DMR) |
| Plaintiffs, | **ORDER ON FEBRUARY 27, 2013 JOINT DISCOVERY LETTER** |
| v. | |
| STRATEGIC MARKS INC, | |
| Defendant. | |

On February 27, 2013, the parties submitted a joint letter brief regarding Plaintiffs Macy's, Inc. and Macys.com motion for a protective order regarding Requests for Admission propounded by Defendant Strategic Marks, LLC. [Docket No. 74 (Jt. Letter).] The court conducted a hearing on April 18, 2013. This order summarizes the rulings made by the court on the record during the hearing.

**I. Discussion**

Plaintiffs filed suit against Defendant alleging trademark infringement, false designation of origin, dilution, and unfair competition as to eight different trademarks (the "Heritage marks"). Defendant asserted a number of defenses, including abandonment of the Heritage marks, and counterclaimed against Plaintiffs as to twelve trademarks. In January 2013, Defendant propounded 3,171 identical sets of requests for admission (RFAs) on each Plaintiff, for a total of 6,342 RFAs. Plaintiffs now seek a protective order with respect to the RFAs, arguing that many of them are

irrelevant, duplicative, and call for legal conclusions.  In addition, Plaintiffs argue that the number of RFAs is burdensome, harassing, and abusive.  Defendant claims that the RFAs are necessary given that it seeks admissions regarding 8 separate trademarks and two geographical regions (California and the United States), and that it will be unable to obtain all of the information sought by the RFAs from depositions.

On April 4, 2013, Defendant submitted a "summary chart" of its RFAs, in which it noted that in preparing the chart for filing, it determined that it is willing to withdraw approximately 50 RFAs. [Docket No. 81 ("Summary Chart").]  Defendant also noted that it began deposing Plaintiffs on April 2, 2013, and that as a result of information learned in that deposition, it believed that it would be prepared to withdraw a "significant number" of additional RFAs.  (Summary Chart at 1.)  On April 17, 2013, the court ordered Defendant to specifically identify the RFAs it would withdraw as a result of information learned at the April 2 deposition, as well as any other subsequent deposition testimony.  [Docket No. 86.]  In response, Defendant submitted a letter in which it identified over 1,700 RFAs it was withdrawing, leaving well over 1,000 RFAs pending per Plaintiff.  [Docket No. 89.]

Federal Rule of Civil Procedure 36 authorizes a party to serve "a written request to admit . . . the truth of any matters within the scope of Rule 26(b)(1) relating to . . . facts, the application of law to fact, or opinions about either."  Fed. R. Civ. P. 36(a)(1)(A).  RFAs "are sought, first, to facilitate proof with respect to issues that cannot be determined from the case, and second, to narrow the issues by eliminating those that can be."  *Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007).  The goal of RFAs is to "eliminate from the trial matters as to which there is no genuine dispute." *People of the State of California v. The Jules Fribourg*, 19 F.R.D. 432, 436 (N.D. Cal. 1955).  For this reason, "requests for admissions are not principally discovery devices."  *Safeco of Am. v. Rawstron*, 181 F.R.D. 441, 445 (C.D. Cal. 1998).

Here, the court finds that the remaining RFAs -- over 1,000 per Plaintiff -- are unduly burdensome.  Essentially, Defendant seeks to use its RFAs as its central discovery device.  This results in undue burden to Plaintiffs.  Defendant has the opportunity to obtain the information it seeks through deposition testimony, as its Rule 30(b)(6) depositions of Plaintiffs are not yet

concluded and discovery is still open. Accordingly, Plaintiffs' motion for a protective order is GRANTED IN PART. Defendant may select a set of 120 RFAs, or 15 per each of the eight Heritage marks, to re-serve on each Plaintiff, for a total of 240 RFAs. Each set of 120 RFAs must be identical as to each Plaintiff; however, Defendant does not have to ask identical RFAs as to each of the eight marks. If a response to an RFA is identical for each Plaintiff, Plaintiffs may so indicate, and may provide a consolidated response to that RFA. If Plaintiffs' responses to an RFA differ, Plaintiffs must set forth separate responses. In selecting which RFAs to re-serve, Defendant is cautioned that while RFAs which seek the application of law to fact are permissible under Rule 36(a), RFAs which seek to compel an admission of one of the ultimate legal issues in this case are improper. *See Google, Inc. v. Amer. Blind & Wallpaper Factory, Inc.*, No. C 03-5340 JF (RS), 2006 WL 3290402, at *2 (N.D. Cal. Nov. 13, 2006) (noting that "requests for admissions cannot be used to compel an admission of a conclusion of law" (*citing Playboy Enters., Inc. v. Welles*, 60 F. Supp. 2d 1050, 1057 (S.D. Cal. 1999) (quotation marks omitted)).

At the hearing, Defendant requested an order shortening time with respect to Plaintiffs' responses to any amended RFAs in light of the dispositive motion deadline in this case. Defendant's request is granted. If Defendant re-serves the amended RFAs by no later than April 22, 2013, Plaintiffs' responses will be due by May 6, 2013. Following the hearing, the parties were ordered to meet and confer in the courthouse regarding the RFAs, as well as other outstanding discovery.

IT IS SO ORDERED.

Dated: April 22, 2013



DONNA M. RYU
United States Magistrate Judge

3