PAGES 1 – 18

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE DONNA M. RYU, MAGISTRATE JUDGE

| | | |
|---|---|---|
| MACY'S, INC., ET AL., | ) | |
| | ) | |
| PLAINTIFFS, | ) | NO. C-C-11-6198 SC (DMR) |
| | ) | |
| VS. | ) | THURSDAY, APRIL 18, 2013 |
| | ) | |
| STRATEGIC MARKS, LLC, | ) | OAKLAND, CALIFORNIA |
| | ) | |
| | ) | |
| DEFENDANT. | ) | DISCOVERY LETTER BRIEF |
| _____ | ) | MOTION |

**REPORTER'S TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES:**

**FOR PLAINTIFFS:**        AMSTER, ROTHSTEIN & EBENSTEIN, LLP
                         90 PARK AVENUE
                         NEW YORK, NEW YORK 10016
                    BY:  ANTHONY F. LO CICERO, ESQUIRE


**FOR DEFENDANT:**         KB ASH LAW GROUP
                         5674 SONOMA DRIVE, SUITE A
                         PLEASANTON, CALIFORNIA 94566
                    BY:  BENJAMIN ASHUROV, ESQUIRE
                         KYMBERLEIGH N. KORPUS, ESQUIRE


**REPORTED BY:**           DIANE E. SKILLMAN, CSR 4909, RPR, FCRR
                         OFFICIAL COURT REPORTER

     TRANSCRIPT PRODUCED BY COMPUTER-AIDED TRANSCRIPTION


THURSDAY, APRIL 18, 2013                              11:11 A.M.

P R O C E E D I N G S

**THE CLERK:** CALLING CIVIL CASE C-11-6198 SC, MACY'S, INCORPORATED, ET AL. VERSUS STRATEGIC MARKS.

PLEASE STEP FORWARD AND STATE YOUR APPEARANCES.

**MR. LO CICERO:** GOOD MORNING, YOUR HONOR.

ANTHONY LO CICERO FOR MACY'S.

**MR. ASHUROV:** GOOD MORNING, YOUR HONOR. BENJAMIN ASHUROV FOR STRATEGIC MARKS, LLC. AND WITH ME IS MY ASSOCIATE, KYMBERLEIGH KORPUS.

**THE COURT:** GOOD MORNING TO EVERYONE.

OKAY. LET ME ASK THE DEFENSE: WHAT DEPOSITIONS HAVE BEEN NOTICED? WHAT TYPE ARE THEY? IN OTHER WORDS, 30(B)(6) VERSUS INDIVIDUAL DEPOSITIONS, AND WHAT IS THEIR STATUS TO DATE?

**MS. KORPUS:** YOUR HONOR, WE HAVE NOTICED 30(B)(6) DEPOSITIONS OF BOTH OF THE PLAINTIFFS. WE STIPULATED WITH THE PLAINTIFFS THAT THOSE DEPOSITIONS COULD BE TAKEN CONSECUTIVELY -- I AM SORRY, CONCURRENTLY IN ORDER TO SAVE TIME DURING THE DEPOSITION, BUT WE HAVE A DISAGREEMENT WITH PLAINTIFFS AS TO WHAT THE ALLOWABLE TIME FRAME IS GIVEN THE FACT THAT THEY ARE BEING TAKEN CONCURRENTLY.

WE TOOK THE FIRST DAY OF THE JOINT PLAINTIFFS' 30(B)(6) DEPOSITION ON APRIL 2ND, AND IT WAS NOT COMPLETED. WE SUSPENDED THAT DEPOSITION, AND WE HAVE ASKED PLAINTIFFS FOR THE NEXT DATE OF AVAILABILITY FOR MR. MONITZ, WHO IS THE 30(B)(6) WITNESS. AND WE ASKED HIM TO PROVIDE US THE

AVAILABILITY TODAY, BUT WE HAVE NOT YET HAD A CHANCE TO DISCUSS THAT MATTER.

WE HAVE ALSO NOTICED THE DEPOSITION OF ANNE MACDONALD, A THIRD PARTY, AND WE HAVE THUS FAR BEEN UNABLE TO SERVE HER.

THE COURT:  WHEN YOU SAY "CONCURRENTLY", DO YOU MEAN THAT MR. MONITZ WAS DESIGNATED AS THE PERSON MOST KNOWLEDGEABLE FOR BOTH MACY'S AND MACYS.COM?

MS. KORPUS:  YES, HE WAS.  AND ALL THE QUESTIONS THAT WERE ASKED IN THE DEPOSITION AND THE RESPONSES THERETO WERE BINDING ON BOTH PARTIES, ON BOTH PLAINTIFFS.

THE COURT:  HOW LONG DID THE DEPO GO ON APRIL 2ND?

MS. KORPUS:  WE CONCLUDED -- WE STOPPED AROUND 7:00 O'CLOCK IN THE EVENING.  I THINK WE WENT A TOTAL OF TEN HOURS FROM START TO FINISH, BUT THAT WAS NOT ALL DEPOSITION TIME.

THERE WAS SOME TIME IN THERE THAT WAS FOR LUNCH AND BREAKS AS WELL AS SOME TIME WE WERE TRYING TO CONSOLIDATE EXHIBITS AND GETTING THEM ENTERED INTO THE RECORD BY STIPULATION.  WE WERE THERE TOTAL OF TEN HOURS.

THE COURT:  HOW MUCH DEPO TIME APPROXIMATELY?

MS. KORPUS:  I BELIEVE IT WAS APPROXIMATELY SEVEN HOURS.

THE COURT:  HOW MUCH MORE DO YOU HAVE?

MS. KORPUS:  I BELIEVE WE HAVE ANOTHER FULL DAY.

THE COURT:  OKAY.  QUESTION FOR THE PLAINTIFF:

LOOKING AT THE REQUEST FOR ADMISSION, WOULD THE ANSWERS FOR MACY'S BE DIFFERENT FROM THE ANSWERS FOR MACYS.COM?

MR. LO CICERO:  IN THE VAST MAJORITY OF CIRCUMSTANCES, YOUR HONOR, THE ANSWER IS NO.

THE COURT:  OKAY.  SO HERE IS MY TENTATIVE.

THE REQUEST FOR ADMISSIONS, EVEN WITH THE WITHDRAWAL OF 1700 OF THEM, ARE STILL OVERLY BURDENSOME, UNDULY BURDENSOME. YOU PROPOUNDED OVER 6,000 REQUEST FOR ADMISSION.  YOU CANNOT CONDUCT YOUR DISCOVERY THROUGH REQUEST FOR ADMISSION EVEN IF IT'S LESS EXPENSIVE, YOU BELIEVE, EVEN IF THERE WERE ISSUES ABOUT GETTING A DEPOSITION ON NOTICE.  I AM NOT GOING TO ALLOW IT.  AND WHEN WE PARE IT DOWN, WE STILL HAVE OVER A THOUSAND PER DEFENDANT.

MY TENTATIVE IS THE FOLLOWING:  THAT I WOULD ALLOW 15 PER EACH OF THE EIGHT MARKS PER DEFENDANT.  SO, THAT'S 120 AT EACH DEFENDANT.  THEY HAVE TO BE THE SAME QUESTIONS ON A PARTICULAR MARK FOR EACH OF THE DEFENDANTS.  OKAY?  SO YOU CAN'T BROADEN THE POOL BY ASKING CERTAIN QUESTIONS TO MACY'S ABOUT A MARK AND CERTAIN QUESTIONS TO MACYS.COM ABOUT THE MARK.  OKAY?

IF MACY'S AND MACYS.COM HAVE THE IDENTICAL ANSWER TO A PARTICULAR RFA THEY CAN ANSWER IN ONE RESPONSE.  THEY JUST NEED TO MAKE CLEAR TO YOU THAT THEY ARE RESPONDING ON BEHALF OF BOTH.

IF THERE'S A QUESTION ON A PARTICULAR MARK WHERE MACY'S AND MACYS.COM HAVE A DIFFERENT ANSWER, THEN THEY HAVE TO GIVE

YOU SEPARATE RESPONSES ONE FOR EACH OF THE ENTITIES.

**MS. KORPUS:**  MAY I ASK FOR CLARIFICATION?

**THE COURT:**  YES.

**MS. KORPUS:**  SO ARE YOU SAYING, YOUR HONOR, THAT WE HAVE A TOTAL 120 REQUESTS THAT WE CAN DIRECT JOINTLY TO BOTH OF THE PLAINTIFFS?

**THE COURT:**  120 PER PLAINTIFF, BUT THEY SHOULD BE THE SAME SET.

**MS. KORPUS:**  THEY SHOULD BE IDENTICAL SETS OF 120 PER PLAINTIFF.

**THE COURT:**  SO WE HAVE A TOTAL OF 240, BUT I AM LIMITING HOW YOU ARE GOING TO USE THAT.

NOW, THE QUESTIONS YOU ASK ABOUT MARK ONE MIGHT BE DIFFERENT THAN THE QUESTIONS YOU ASK ABOUT MARK TWO.  I AM GOING LEAVE THAT TO YOU.  AND YOU GET 15 PER MARK PER SIDE. OKAY?

I AM GOING ASK YOU TO ACTUALLY RE-SERVE THEM.  SO PICK THEM OUT AND THEN RE-SERVE THE SET.  DON'T TELL PLAINTIFF, "I WANT YOU TO RESPOND TO THE FOLLOWING 15 FOR THIS MARK."  I THINK IT'S TOO CONFUSING AT THIS POINT.

WHEN CAN YOU REASONABLY MAKE YOUR PICKS AND RE-SERVE THEM BY?

**MS. KORPUS:**  I THINK THAT WE CAN DO THAT BY THE END OF NEXT WEEK.

IN ADDITION, MAY I BRING UP ONE OTHER MATTER FOR YOUR

HONOR TO CONSIDER REGARDING THIS TENTATIVE RULING?

**THE COURT:**  YES.  LET ME GIVE YOU THE FULL TENTATIVE AND THEN I WILL ALLOW ARGUMENT.  OKAY?

**MS. KORPUS:**  ALL RIGHT.

**THE COURT:**  WHAT I WOULD ADVISE YOU TO DO IN THE TENTATIVE IF IT BECAME THE FINAL WAS THAT DEFENSE SHOULD STAY AWAY FROM PICKING ONES THAT CALL FOR ULTIMATE LEGAL CONCLUSIONS.

SO, YOU HAD ONE IN THERE THAT SAID, "ADMIT THAT STRATEGIC MARKS DID NOT WILLFULLY INFRINGE THE MARK."  I WILL NEVER LET THE PLAINTIFF ANSWER THAT.  IT IS THE ULTIMATE LEGAL QUESTION.

THAT DOESN'T MEAN THAT IT'S INAPPROPRIATE TO SOMETIMES HAVE REQUEST FOR ADMISSION THAT REQUIRE THE RESPONDER TO MIX LAW AND FACT, TO APPLY LAW TO A SET OF FACTS, BUT THIS WAS THE QUESTION THAT THE JURY OR JUDGE CONTI IS GOING TO HAVE TO ANSWER.  IT'S NOT APPROPRIATE.  SO, I WOULDN'T USE ONE OF YOUR RFA'S ON SOMETHING LIKE THAT.

WHAT I WAS GOING TO ORDER YOU TO DO IS MEET AND CONFER IN THE COURTHOUSE TODAY TO COME TO CERTAIN AGREEMENTS SO THAT DEFENSE IS IN A BETTER POSITION TO STRATEGICALLY PICK THEIR REQUEST FOR ADMISSION.  SO THERE SEEM TO BE DISPUTES ABOUT GEOGRAPHIC REGION AND THAT MULTIPLIED THE NUMBER OF REQUESTS THAT YOU HAD TO MAKE.  THERE WERE SOME OTHER SIMILAR DISPUTES THAT PERHAPS YOU CAN SORT THROUGH SO THAT YOU CAN STREAMLINE THIS.

MY GOAL IS THAT THE DEFENSE GET A REASONABLE NUMBER OF REQUESTS FOR ADMISSION TO DIRECT AT EACH OF THE MARKS, BUT THAT IT BE VIEWED IN LIGHT OF EVERYTHING ELSE THAT HAS BEEN GOING ON IN THE DEPOSITIONS.

LAWYERS ARE IN THE BEST POSITION TO FIGURE THAT OUT.  BUT WHAT I DO IS, AFTER THE CALENDAR, I AM ACTUALLY TIED UP ON SOME OTHER THINGS.  I WANT YOU TO MEET AND CONFER HERE.  I WANT YOU TO CALL MS. GARCIA, THE COURTROOM DEPUTY, TO LET HER KNOW THUMBS UP, THUMBS DOWN, WE WORKED IT OUT.

IF THERE'S STILL SOMETHING YOU NEED TO HAVE RULED ON, THEN YOU WOULD COME BACK AROUND 4:00 O'CLOCK AND I WILL TAKE THE BENCH, AND I WILL HEAR THE ARGUMENT AND I WOULD RULE ON IT. OKAY?

MS. GARCIA'S NUMBER IS 510-637-3639.  SO YOU HAVE TO CHECK IN WITH HER ONE WAY OR THE OTHER TO LET HER KNOW WHAT'S GOING ON.  OKAY?

SO THAT WOULD BE THE TENTATIVE.  NOW LET ME HEAR ANY ARGUMENT.

**MR. LO CICERO:**  YOUR HONOR, A QUESTION IF I MAY?

**THE COURT:**  YES.

**MR. LO CICERO:**  WHEN YOU DIRECT US TO WORK IT OUT, AS YOU SAY, I ASSUME YOU MEAN ARRIVE AT A SET WHICH WE AGREE THAT WE WOULD RESPOND TO.

**THE COURT:**  NO.  IT'S THEIR PICK.  THEY GET TO DECIDE WHICH ONES THEY WANT TO PROPOUND.  YOU DON'T HAVE A SAY IN

THAT, BUT THERE WERE SOME UNDERLYING ISSUES THAT I THINK THE PARTIES SHOULD REALLY TALK ABOUT AND SORT THROUGH TO STREAMLINE ALL OF THIS.

SO, FOR EXAMPLE, DO THEY REALLY HAVE TO PROPOUND ONE SET ABOUT CALIFORNIA AND ANOTHER SET NATIONALLY, OR WHATEVER THAT DISPUTE WAS.  THINGS LIKE THAT THAT CAME UP IN THE LETTER, THERE MAY BE SOME OTHER THINGS THAT HAVE COME UP IN THE DEPOSITION, AVAIL YOURSELVES OF THE INFORMATION YOU HAVE AVAILABLE TO DATE TO TRY AND MAKE THIS SOMETHING THAT MAKES SENSE.  OKAY?

**MR. LO CICERO:**  UNDERSTOOD, YOUR HONOR.

**THE COURT:**  AS TO THE DEPOSITION, 30(B)(6) DEPOSITION, IT'S NOT BEFORE ME AT THE MOMENT, BUT YOU MIGHT WANT TO TALK ABOUT THAT AS WELL.

I WOULD BE INCLINED TO GIVE ENOUGH TIME SO IT DOESN'T STRIKE ME AS UNREASONABLE TO HAVE ANOTHER FULL DAY, BUT I DON'T KNOW THE FACTS REALLY.  SO IF I SAW THAT A DEPOSITION WAS BEING CONDUCTED UNREASONABLY, AND I HAVE A LITTLE CONCERN GIVEN THERE WERE 6,000 RFA'S PROPOUNDED, THEN I WOULD TAKE A HARD LOOK AT THAT IN DECIDING WHAT MAKES SENSE.

IN GENERAL, I THINK FOR A 30(B)(6) COVERING TWO DIFFERENT PLAINTIFFS, TWO SEVEN-HOUR DAYS DOES NOT STRIKE ME ON ITS FACE TO BE UNREASONABLE.  SO TALK ABOUT THAT AS WELL.

SO THAT'S THE TENTATIVE.  WOULD THE DEFENSE LIKE TO OFFER ANY ARGUMENT?

**MS. KORPUS:** THE ONLY THING I WOULD LIKE TO SAY, YOUR HONOR, IS WE PROPOSED A SLIGHTLY DIFFERENT SOLUTION TO PLAINTIFFS' COUNSEL THIS MORNING THAT I WOULD LIKE YOUR HONOR TO CONSIDER, WHICH IS --

**THE COURT:** FOLKS, THE MOVING TARGET IS SO HARD TO HANDLE.

GO AHEAD.

**MR. ASHUROV:** WHICH IS THAT WE DISCUSS TODAY, WE GO THROUGH THE BASIC REQUESTS FOR SAY THE FILINGS MARK, WHICH IS THE FIRST SET, GO THROUGH THEM. AND WE CAN, BASED ON OUR KNOWLEDGE THAT WE LEARNED FROM THE DEPOSITION, WE CAN LOOK AT THEM AND WE CAN SAY TAKE FIVE OF THEM AND TAKE THEM DOWN TO REALLY WHAT WE ARE TRYING TO GET AT, WE NEED THIS FACT, AND PROPOSE A STIPULATION TO PLAINTIFFS' COUNSEL THAT -- WILL PLAINTIFF STIPULATE TO THIS AND WE WILL DEEM IT AN ADMISSION UNDER FEDERAL RULE OF CIVIL PROCEDURE 36 AND -- THAT WE CAN USE A STIPULATION IN THAT MANNER INSTEAD OF HAVING TO GO THROUGH THE RFA PROCESS AT ALL.

AND SO THAT ALTHOUGH WE CANNOT FINALIZE A STIPULATION TODAY, WHAT I WOULD LIKE FOR US TO BE ABLE TO DO IS GO THROUGH THAT PROCESS, TRY AND ARRIVE AT A STIPULATION, KEEP TRACK OF WHICH RFA'S EACH OF THOSE PROPOSED STIPULATIONS REFER TO, AND IF WE CANNOT ARRIVE AT A STIPULATION SAY BY THE END OF NEXT WEEK, THEN WE PROPOUND REFRAMED RFA'S TO ADDRESS THOSE QUESTIONS THAT WE WERE NOT ABLE TO ADDRESS WHICH MIGHT GREATLY

REDUCE THE NUMBER OF RFA'S THAT ANYONE HAS TO RESPOND TO.

**THE COURT:** WELL, MY POINT WOULD BE THAT'S FINE, BUT THE BOTTOM LINE, YOU ARE NOT GOING TO GET MORE THAN 15 PER MARK.

SO, I -- THE WAY THAT YOU FRAMED AND REFRAMED THIS WEEK WAS A BIT OF A NIGHTMARE, IN ALL HONESTY.  AND YOU CAN'T CONDUCT YOUR DISCOVERY THROUGH RFA'S.

A LOT OF THIS REALLY SHOULD HAVE BEEN DONE THROUGH DEPOSITIONS, WHICH IS WHY I STARTED BY ASKING ABOUT THEM BECAUSE I AM HOPING THAT A LOT OF THAT INFORMATION IS BEING PROVIDED THROUGH A MORE APPROPRIATE SOURCE.

**MS. KORPUS:** YOUR HONOR, ON THAT POINT, ONE OF THE PROBLEMS THAT WE ARE HAVING IN THE DEPOSITION IS THE SAME PERSON, JAY MONITZ, HAS BEEN IDENTIFIED AS THE 30(B)(6) WITNESS FOR BOTH PLAINTIFFS.  AND IN THE FIRST DAY OF DEPOSITION, WE GOT A LOT OF RESPONSES THAT ARE "I DON'T KNOW".  HE WAS SIMPLY NOT PREPARED WELL ENOUGH TO ANSWER -- TO GIVE US THE FACTS THAT WE NEEDED.

**THE COURT:** OKAY.  SO I DON'T HAVE THAT IN FRONT OF ME TODAY.  IF THERE'S A PROBLEM WITH THE DEPOSITION, I OFFER TWO SOLUTIONS.

NUMBER ONE, 30(B)(6) DEPOSITIONS REQUIRE SPECIFICITY, STATEMENTS OF TOPICS WITH PARTICULARITY.  THE PERSON RESPONDING TO THE 30(B)(6) MUST BE APPROPRIATELY PREPARED AHEAD OF TIME TO ANSWER QUESTIONS REASONABLY.  OKAY?

IF THERE ARE A LOT OF "I DON'T KNOWS" ON TOPICS FOR WHICH THERE WAS NOTICE, IT'S A PROBLEM.  AND I WOULD REVIEW THE DEPOSITION TRANSCRIPT.  AND IF THERE IS A MOTION, I WOULD HAVE TO RULE ON WHETHER THE 30(B)(6) DEPONENT WAS PROPERLY PREPARED.

THAT'S THE LAW.  THAT'S HOW I WOULD HANDLE IT.  IT'S NOT IN FRONT OF ME NOW.  AND SOMETIMES PEOPLE THINK THAT THE PERSON WAS ILL PREPARED AND THE OTHER SIDE HAS A DIFFERENT VIEW OF IT.  I AM JUST GIVING YOU MY VIEW OF HOW I GO ABOUT RESOLVING THOSE DISPUTES.

SOLUTION NUMBER TWO:  IF IT IS HAPPENING DURING A DEPOSITION, I AM NOT INVITING THIS, I REALLY EXPECT COUNSEL WHO APPEAR IN THIS COURT TO BE PROFESSIONAL AND TO BE ABLE TO WORK TOGETHER TO WORK TOWARD A SOLUTION, BUT OUR LOCAL RULE PROVIDES THAT A PARTY WHO CANNOT RESOLVE A PROBLEM IN THE MIDDLE OF A DEPOSITION CAN CALL CHAMBERS.  IF I AM AVAILABLE, THEN I RULE ON IT.  AND I WILL HAVE THE REPORTER READ THINGS BACK.  I WILL RULE ON IT ON THE SPOT.  I REALLY DON'T LIKE DOING IT BECAUSE IT SHOULD -- BAD DEPOSITION BEHAVIOR IS SOMETHING THAT PEOPLE SHOULD REALLY STEER AWAY FROM. SOMETIMES IT IS NOT ABOUT BAD BEHAVIOR, IT'S ABOUT AN HONEST DISPUTE.  FOR THOSE, I AM THERE TO HELP THE PARTIES IF THEY NEED INTERVENTION.

OKAY?

MR. LO CICERO:  MAY I RESPOND, YOUR HONOR?

THE COURT:  YES.

MR. LO CICERO:  AT THE BEGINNING OF MR. MONITZ'S DEPOSITION, MS. KORPUS ASKED THE COURT REPORTER TO KEEP TRACK OF THE NUMBER OF TIMES THAT MR. MONITZ SAID "I DON'T KNOW". AND HE DID.  THERE WERE 23 TIMES.  I KNOW BECAUSE I GOT THE TRANSCRIPT AND I COUNTED THEM.

IN RESPONSE TO THAT, WE HAVE ALREADY ANSWERED THE QUESTIONS --

THE COURT:  SO THE MATTER IS NOT BEFORE ME RIGHT NOW. IT MAY WELL BE, AND I SEE HEADS SHAKING.  LOOK FOLKS, TALK ABOUT IT TODAY.

MR. LO CICERO:  SURE.

THE COURT:  TALK ABOUT IT TODAY.  I TOLD YOU HOW I VIEW THIS.  IF I NEED TO RULE ON IT, I WILL RULE ON IT.  OKAY?

MR. LO CICERO:  ONE OTHER THING, YOUR HONOR, IS THAT WE HAVE BEEN DISCUSSING -- IN FACT, WE DISCUSSED AT THE END OF MR. MONITZ'S DEPOSITION THE USE OF STIPULATIONS WITH RESPECT TO MANY OF THOSE TOPICS.  IT IS VERY, VERY APPROPRIATE IN THIS CASE.

I KNOW YOUR HONOR ASKED FOR AND RECEIVED A COPY OF THE DEPOSITION NOTICE IN QUESTION.  IT'S 14 PAGES LONG.  IT IS HUNDREDS OF TOPICS.  WHAT -- AND WE, OF COURSE, SERVED THE PROPER OBJECTIONS.

THERE ARE SIMPLY A LOT OF DOCUMENTS.  THERE ARE A LOT OF FACTS.  THE SUBJECT -- SOME OF THIS CONDUCT GOES BACK, IN

TERMS OF WHAT THESE BRANDS WERE, GOES BACK TO THE EARLY '90S.

WE HAVE PROVIDED PUBLICLY AVAILABLE DOCUMENTS, 10K'S, ANNUAL REPORTS, SOMETHING CALLED A MACY'S FACT BOOK.  I THINK AS A RESULT OF ALL THAT, WE CAN PROBABLY ARRIVE AT STIPULATIONS THAT WILL DEAL WITH MOST, IF NOT ALL, OF THE ADDITIONAL DEPOSITION TESTIMONY.

WE ARE NOT TRYING TO HIDE ANYTHING.  WE THINK THAT THESE ARE FACTS THAT WILL HELP US.  WE ARE COGNIZANT OF OUR DISCOVERY OBLIGATIONS OF THE FEDERAL RULES AND RULES OF THE COURT, SO WE ARE HAPPY TO WORK WITH MS. KORPUS TO ARRIVE AT APPROPRIATE STIPULATIONS.

AS TO THE TENTATIVE RULINGS, YOUR HONOR, IF YOUR HONOR CAN PROVIDE US WITH A ROOM, WE CAN START TALKING ABOUT THEM RIGHT NOW.

**THE COURT:**  IT SOUNDS LIKE THE PARTIES ARE BOTH INTERESTED IN TALKING ABOUT STIPULATIONS THAT MIGHT ELIMINATE THE NEED FOR DEPOSITION TESTIMONY AND/OR REQUEST FOR ADMISSIONS.  I AM NOT GOING TO FORCE ANYONE TO DO IT.  OKAY? BUT IT IS GREAT THAT YOU BOTH HAVE INTEREST IN DOING THAT.

SO, PLEASE GO FORWARD.  I AM STILL -- I AM GOING TO, UNLESS THERE'S SOMETHING FURTHER, I AM GOING TO ADOPT MY TENTATIVE.

**MS. KORPUS:**  THE ONLY THING I WOULD ASK, YOUR HONOR, IS SHOULD WE END UP NEEDING TO PROPOUND ANOTHER SET OF REFRAMED RFA'S, THAT THE NUMBER BE INCREASED FROM 15 TO 30 PER

MARK.

AS OPPOSING COUNSEL HAS STATED, THERE ARE TREMENDOUS NUMBER OF FACTUAL ISSUES IN THIS CASE THAT ARE -- THAT ARE -- THAT ARE KEY TO RESOLVING THE ISSUES.

THE COURT:  I OFTEN HAVE TRADEMARK CASES IN FRONT OF ME, AND I JUST DON'T THINK THAT YOU NEED THAT LEVEL OF WRITTEN -- OF RFA'S.  THERE'S OTHER DISCOVERY TOOLS.  I AM GOING TO LIMIT IT TO 15 AT THIS TIME.

IF THERE'S SOMETHING -- DISCOVERY IS STILL OPEN.  IF THERE'S SOMETHING THAT IS EXTRAORDINARY, YOU SHOULD GIVE IT A TRY, BUT BE PREPARED TO BE ABLE TO ARTICULATE TO ME WHY IT SHOULD GO BEYOND THE 15.  OKAY?

MS. KORPUS:  YOUR HONOR, THE DEADLINE FOR -- THE DEADLINE FOR PROPOUNDING WRITTEN DISCOVERY BY HAND IS EARLY NEXT WEEK.  IF WE DO HAVE TO PROPOUND ADDITIONAL RFA'S, WE ARE NOT GOING TO ABLE TO DO IT BEFORE THE END OF NEXT WEEK.  THAT WILL THEN PUT US PASSED THE CLOSE OF DISCOVERY DEADLINE.

THE COURT:  I CAN'T DO ANYTHING ABOUT THAT.  THAT'S JUDGE CONTI'S DEADLINE AND THE DEADLINE THAT WAS SET LONG AGO IN THIS CASE, AND THAT WAS EXTENDED.

MS. KORPUS:  SO IT IS NOT -- IT WOULD NOT BE PART OF YOUR ORDER THEN THAT IF WE HAVE UNTIL THE END OF NEXT WEEK TO RE-PROPOUND REFRAMED RFA'S FOR THE RESPONSES --

THE COURT:  OKAY.  YES.  I SEE WHAT YOU MEAN.

WITH RESPECT TO THE DISPUTE CURRENTLY BEFORE THE COURT, SO

ALL OF THE ONES THAT YOU HAVE ALREADY PROPOUNDED BUT THAT I AM NOW ORDERING YOU TO WINNOW DOWN, YOU CAN SERVE THOSE BY APRIL 26TH AND STILL BE IN TIME.  I'M SORRY IF THAT WAS NOT CLEAR.

BUT FOR ANYTHING ELSE -- YOU STARTED TO SAY, WELL, THERE MAY BE OTHER THINGS.  YOU MAY WANT TO PROPOUND SOME MORE.  IF THERE'S ANY OTHER SET YOU WANT TO DO, YOU BETTER DO IT ON TIME WITHIN JUDGE CONTI'S DEADLINES.  AND I GUESS I'M WARNING YOU HERE THAT IF YOU ARE GOING TO TRY TO PROPOUND ADDITIONAL RFA'S ON TOP OF WHAT'S IN FRONT OF ME TODAY, DO IT WITH CAUTION.

**MS. KORPUS:**  YES.

**THE COURT:**  OKAY.

**MR. LO CICERO:**  EXCUSE ME, YOUR HONOR.  I ASSUME WE HAVE THE USUAL TIME TO RESPOND, ACCORDING TO THE RULES?

**THE COURT:**  ANY OBJECTION TO THAT?

**MS. KORPUS:**  NO, YOUR HONOR.

**THE COURT:**  OKAY.  I WOULD NORMALLY FIND THAT TO BE REASONABLE, BUT IF THERE'S SOME DEADLINE THAT HAS DO WITH A DISPOSITIVE MOTION OR ANYTHING ELSE THAT JUDGE CONTI HAS SET, THEN I NEED TO HEAR WHAT THAT IS SO I CAN FIGURE OUT WHAT TO DO.

**MS. KORPUS:**  THERE IS A DEADLINE ON MAY 3RD FOR FILING MOTIONS ON REGULARLY NOTICED MOTIONS WHICH WOULD BE THE DEADLINE FOR FILING A SUMMARY JUDGMENT MOTION FOR US.

I DID NOT ANTICIPATE THAT YOUR HONOR WOULD BE WILLING TO

REQUIRE THEM TO RESPOND TO THESE RFA'S WITHIN A FEW DAYS, WHICH IS WHY I DID NOT RAISE THE MATTER.

THE COURT:  DO YOU NEED IT?  ARE YOU PLANNING TO FILE A DISPOSITIVE MOTION?

MS. KORPUS:  WE ARE SERIOUSLY CONSIDERING IT, YOUR HONOR.  THAT'S ONE OF THE REASONS WE WOULD LIKE TO TRY AND ENTER INTO A STIPULATION TODAY TO AVOID TRYING TO GO THROUGH THE RFA PROCESS SO THAT WE CAN GET THESE ADMISSIONS AND THESE FACTS IN OUR HANDS IN TIME TO INCLUDE THEM IN A MOTION FOR SUMMARY JUDGMENT.

THE COURT:  OKAY.  GIVEN THE SITUATION -- I DON'T KNOW.  I AM NOT SURE WHAT YOU ARE SAYING.  YOU HAVE TO FILE YOUR MOTION FOR DISPOSITIVE RELIEF BY MAY 3RD?

MS. KORPUS:  YES.

THE COURT:  YOU WILL NOT HAVE THE BENEFIT OF RESPONSES TO YOUR RFA'S BEFORE THEN.

MS. KORPUS:  IF WE HAVE TO RE-PROPOUND THEM, WE WILL NOT HAVE THEM.

THE COURT:  PART OF THAT IS DUE TO THE FACT THAT YOU'VE GIVEN YOURSELF UNTIL THE 26TH TO PROPOUND THEM, RIGHT?

MS. KORPUS:  RIGHT.  BUT EVEN IF I WERE TO PROPOUND THEM TODAY, YOUR HONOR, TODAY IS THE 18TH.

THE COURT:  I UNDERSTAND.  YOU GET THAT SOME OF THE TIMING IS DRIVEN BY THE FACT YOU WANT MORE TIME TO FIGURE OUT WHICH ONES YOU WANT TO SERVE.

**MS. KORPUS:** IF WE NEEDED TO PROPOUND THEM, IF WE CAN PROPOUND THEM BY NEXT MONDAY, YOUR HONOR, WOULD YOU BE WILLING TO ORDER THAT WE OBTAIN THE RESPONSES WITHIN A COUPLE OF DAYS BEFORE MAY 3RD?

**THE COURT:** NO. THAT'S JUST NOT ENOUGH TIME.

BUT I WOULD CERTAINLY CONSIDER HAVING THEM RESPOND IN LESS TIME THAN THE 30 DAYS. WHAT DO YOU WANT TO DO? I CAN'T EVALUATE WHAT YOUR MOTION IS ABOUT OR HOW IMPORTANT THIS IS. I HAVE NO IDEA.

**MS. KORPUS:** IDEALLY, YOUR HONOR, WE WOULD LIKE TO HAVE THEM, IF POSSIBLE, WE WOULD LIKE TO GET THE RESPONSES WITHIN 14 DAYS OF THEM BEING RE-PROPOUNDED, IF THEY ARE RE-PROPOUNDED.

**THE COURT:** SO IF THEY HAVE TO PROPOUND THEM BY THE 22ND, YOUR RESPONSE WOULD BE DUE ON THE 6TH.

**MR. LO CICERO:** IT'S HARD TO AGREE TO SHORTENING THE TIME BY HALF, YOUR HONOR, BECAUSE I DON'T KNOW WHAT'S GOING TO BE PROPOUNDED.

**THE COURT:** YOU DO, BECAUSE YOU KNOW WHAT THESE SAY.

**MR. LO CICERO:** IF YOUR HONOR DIRECTS THAT THEY BE PROPOUNDED BY THE 22ND AND WE RESPOND BY THE 6TH, THEN WE WILL RESPOND BY THE 6TH.

**THE COURT:** THAT'S WHAT I AM GOING TO DO THEN. OKAY. PROPOUND ANY REPLACEMENT SET BY THE 22ND IN CONFORMANCE WITH MY TENTATIVE ORDER AND THEN THE RESPONSE WILL BE DUE BY

MAY 6TH.

ANYTHING FURTHER?

**MR. LO CICERO:**  NOT FROM US, YOUR HONOR.

**MS. KORPUS:**  NO, YOUR HONOR.

**THE COURT:**  OKAY.

SO FOURTH FLOOR IS THE ATTORNEY LOUNGE.  PLEASE GO AHEAD AND MEET AND CONFER AND LET MS. GARCIA KNOW AS SOON AS POSSIBLE WHETHER YOU'VE REACHED AGREEMENTS ON EVERYTHING.

**MR. LO CICERO:**  WE WILL, YOUR HONOR.  THANK YOU.

**MS. KORPUS:**  THANK YOU, YOUR HONOR.

**THE COURT:**  IF NOT, I WILL SEE YOU BACK AT 4:00.

**MS. KORPUS:**  YES.

(PROCEEDINGS CONCLUDED AT 11:35 A.M.)

**CERTIFICATE OF REPORTER**

I, DIANE E. SKILLMAN, OFFICIAL REPORTER FOR THE UNITED STATES COURT, NORTHERN DISTRICT OF CALIFORNIA, HEREBY CERTIFY THAT THE FOREGOING IS A CORRECT TRANSCRIPT FROM THE RECORD OF PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.

*Diane E. Skillman*

DIANE E. SKILLMAN, CSR 4909, RPR, FCRR

MONDAY, MAY 13, 2013

**DIANE E. SKILLMAN, OFFICIAL COURT REPORTER, USDC (510) 451-2930**