**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MACYS INC AND MACYS.COM INC,<br><br>    Plaintiffs,<br><br>    v.<br><br>STRATEGIC MARKS INC, LLC,<br><br>    Defendant.<br>_____/ | No. C-11-06198 SC (DMR)<br><br>**ORDER RE PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER** |

    This dispute involves Plaintiffs Macy's Inc. and Macys.com's request for a protective order to address allegedly objectionable behavior by Ellia Kassoff, the CEO of Defendant Strategic Marks Inc., LLC. [Docket Nos. 102 (Pls.' Letter), 103 (Def.'s Letter).] The parties attempted to resolve the dispute by way of a stipulation and proposed order. They reached agreement on the terms of the stipulation, but could not agree on who would be subject to those terms. Defendant insists on an agreement that would apply equally to all parties. (Def.'s Letter 3.) Plaintiffs argue that they have not engaged in any objectionable behavior and so should not be subject to an order "designed to put a halt to Mr. Kassoff's activities." (Pls.' Letter 2.) On June 17, 2013, in response to the court's order, Defendant submitted drafts of its proposed bilateral stipulation. [Docket No. 105.]

    The court has reviewed the draft stipulations, and finds that the terms are reasonable. The terms do not in any way imply that Plaintiffs have engaged in or intend to engage in objectionable behavior. Nor do Plaintiffs assert that the terms will curtail them from actions they should be able to

take in order to prosecute their claims. Further, Defendant represented that it has granted its consent for any officer(s) or employee(s) of Plaintiffs to attend any remaining depositions in this action. Therefore, the court enters the following order:

1. From this day forward, no officer(s) or employee(s) of any party may direct any communication to any current officer(s) or employee(s) of any opposing party with respect to any issue(s) relating to this litigation. All future communications between opposing parties regarding this litigation shall be conducted solely by and through respective counsel for the parties.

2. In furtherance of the above, no officer(s) or employee(s) of Defendant may attend any deposition taken during the remainder of this litigation, except as a deponent, without prior written consent of Plaintiffs.

3. Except as stated herein, the parties shall not discuss with a non-party any information regarding or referencing the confidential mediation conducted by the parties before mediator Mark LeHocky on June 5, 2013. This provision shall not preclude the parties from divulging to non-parties the following: (a) the fact that the parties conducted a mediation on June 5, 2013, (b) the identity of the mediator, and (c) the fact that this litigation was not settled during the mediation.

This order terminates Docket Nos. 102 and 103.

IT IS SO ORDERED.

Dated: June 18, 2013



DONNA M. RYU
United States Magistrate Judge