```
                          IN THE UNITED STATES DISTRICT COURT

                        FOR THE NORTHERN DISTRICT OF CALIFORNIA


                                             )   Case No. 11-6198 SC
                                             )
      MACY'S, INC. and MACYS.COM,            )   ORDER GRANTING IN PART AND
      INC.,                                  )   DENYING IN PART MACY'S MOTION
                                             )   FOR LEAVE TO FILE SUPPLEMENTAL
                  Plaintiffs,                )   COMPLAINT
                                             )
           v.                                )
                                             )
      STRATEGIC MARKS, LLC,                  )
                                             )
                  Defendant.                 )
                                             )
      _____ )
```

## I.  INTRODUCTION

Now before the court is Plaintiffs and Counter-Defendants Macy's, Inc. and Macys.com, Inc.'s ("Macy's") motion for leave to file a supplemental complaint. ECF No. 132 ("Mot."). Defendant and Counter-Claimant Strategic Marks, LLC ("Strategic Marks") opposes. ECF No. 136 ("Opp'n"). The motion is fully briefed, ECF No. 137 ("Reply"), and appropriate for resolution without oral argument under Civil Local Rule 7-1(b). For the reasons set forth below, the motion is GRANTED in part and DENIED in part.

## II.  BACKGROUND

This is a trademark infringement case currently set for trial

on December 8, 2014.  The marks at issue, sometimes referred to by the parties as the "Heritage Marks," include, among others, the "Abraham & Straus," or "A&S" marks (collectively, "the A&S Marks").  Macy's alleges that it is the rightful owner and user of the Heritage Marks and that Strategic Marks has willfully and unlawfully infringed on its trademark rights.  Strategic Marks counterclaimed asserting that it is the rightful owner of the Heritage Marks and that Macy's, not Strategic Marks, is the infringing party.  ECF No. 50 ("Am. Answer & Countercls.").

When the case was filed, Macy's relied only common law rights with respect to the A&S Marks.  Since that time, Macy's was issued two federal trademark registrations.  ECF No. 132-1 ("Jason Decl.") Exs. B & C.  Now, Macy's seeks leave to amend its complaint "to reflect these new registrations and assert infringement of the now federally registered marks."  Mot. at 3.  Additionally, if leave is granted, Macy's offers to simplify and remove certain dilution and infringement claims it initially asserted against Strategic Marks.  Id.  Strategic Marks opposes.

**III. LEGAL STANDARD**

Federal Rule of Civil Procedure 15(d) provides that "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."  Rule 15(d) is intended to give the court discretion and to promote the fullest adjudication possible of the disputes between the parties.  LaSalvia v. United Dairymen of Ariz., 804 F.2d 1113, 1119 (9th Cir. 1986); see also Fed. R. Civ. P. 15 advisory committee's note to

2

1963 amendment.

"'A supplemental complaint should have some relation to the claim set forth in the original pleading,' and a court may deny leave to supplement a complaint on grounds of undue delay, prejudice to the opposing party, or futility." Riley v. Correctional Officers Grieco & Collier, No. C 13-4410 CW(PR), 2014 WL 129396, at *5 (N.D. Cal. Jan. 14, 2014) (quoting Keith v. Volpe, 858 F.2d 469, 474 (9th Cir. 1988)).

**IV. DISCUSSION**

In support of its motion, Macy's argues that permitting it to file a supplemental complaint will promote judicial efficiency without any prejudice to Strategic Marks. In Macy's view, because the A&S Marks have been at issue in this case from the beginning, the supplemental complaint is "relat[ed] to the claim set forth in the original [complaint]," and permitting supplementation at this stage would simply allow the Court to adjudicate all of Macy's potential trademark claims against Strategic Marks. See Keith, 858 F.2d at 474. Furthermore, Macy's argues that Strategic Marks will not be prejudiced if the complaint is supplemented because they have had the opportunity for extensive discovery into the A&S Marks and, in any event, "[t]he fact that Macy's is now asserting infringement of federally registered trademarks in addition to the common law does not require additional fact or expert discovery." Mot. at 5.

Strategic Marks disagrees for two reasons. First, Strategic Marks argues that Macy's supplemental complaint shifts the focus of the action from the use of the A&S Marks and others "with respect

1  to retail department stores" to include claims "having to do with
2  t-shirts and tote bags." Opp'n at 4. Second, Strategic Marks
3  argues that it did not have a chance to conduct adequate discovery
4  into the issues raised in the supplemental complaint. Strategic
5  Marks contends additional discovery into these claims is
6  particularly important here because registered trademarks are
7  entitled to a presumption of validity. See Zobmondo Entm't, LLC v.
8  Falls Media, LLC, 602 F.3d 1108, 1113 (9th Cir. 2010) ("[F]ederal
9  registration provides 'prima facie evidence' of the mark's validity
10 and entitles the plaintiff to a 'strong presumption' that the mark
11 is a protectable mark.") (quoting 15 U.S.C. Sections 1057(b),
12 1115(a); KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc.,
13 408 F.3d 596, 604 (9th Cir. 2005)). Without access to additional
14 discovery, Strategic Marks believes it "will be left with no tools
15 or ability to overcome this presumption of validity and to prove
16 that these registrations are invalid under a heightened standard of
17 proof." Opp'n at 7.
18     Strategic Marks' first argument, that the supplemental
19 complaint shifts the focus of the action from Macy's use of the
20 marks with respect to stores to t-shirts and tote bags, is
21 baseless. In fact, Macy's cites dozens of document requests,
22 interrogatories, depositions, and requests for admission all
23 probing Macy's use of the Heritage Marks (including the A&S Marks)
24 on, among other things, t-shirts and tote bags. Reply at 3-9
25 (citing numerous examples). Furthermore, as Strategic Marks itself
26 claims, "[s]ubsequent to Strategic Marks' first use of Defendant's
27 Service Marks, Macy's began using in commerce the Macy's Infringing
28 Marks, and offering for sale and selling products bearing the

Macy's Infringing Marks." Am. Answer & Countercls. ¶ 23 (emphasis added). Indeed, as Macy's puts it, "Macy's use of its Heritage Marks on t-shirts and tote bags has not only been a topic of discovery, but it has been a focus of discovery." Reply at 2.

Next, Strategic Marks claims that it will be prejudiced by the attachment of the presumption of validity for registered marks. The Lanham Act provides that "[a] certificate of registration of a mark upon the principal register . . . shall be prima facie evidence of the validity of the registered mark and . . . of the owner's ownership of the mark, and of the owners' exclusive right to use the registered mark . . . ." 15 U.S.C. § 1057(b). The presumption of validity embodied in Section 1057(b) is rebuttable, and "the non-registrant can rebut this presumption by showing that the registrant had not established valid ownership rights in the mark at the time of registration . . . ." Sengoku Works Ltd. v. RMC Int'l, Ltd., 96 F.3d 1219, 1220 (9th Cir. 1996). Strategic Marks apparently seeks to do exactly that, as it states that it "believes that the trademark registrations . . . are invalid for several reasons." Opp'n at 7. Specifically, Strategic Marks argues it will be prejudiced by the amendment because it lacks discovery into at least two issues: (1) whether Macy's has made "bona fide commercial use" of the A&S Marks, and (2) whether Macy's use of the A&S Marks is merely ornamental. Opp'n at 6.

Ultimately this is a close question, but the Court is persuaded that Strategic Marks will be unduly prejudiced by permitting amendment at this stage. Some of Macy's arguments to the contrary are meritorious. For example, Strategic Marks does appear to have obtained at least some discovery relevant to these

5

issues. See, e.g., ECF No. 139-1 ("Second Jason Decl.") at Ex. G ("Requests for Admission") No. 114 (seeking an admission that one purpose of Macy's use of the Heritage Marks "is decorative"). Nevertheless, Strategic Marks is apparently concerned not just about its inability to obtain factual discovery of these matters, but also expert discovery. Opp'n at 5-6. While Macy's argues that Strategic Marks had the ability to seek expert discovery of these issues were it interested in doing so, the necessity of doing so appears not to have been clear until after the fact and expert discovery deadlines passed in 2013. Furthermore, this issue is amplified by the length of time Macy's waited before seeking to file a supplemental complaint. The registrations Macy's seeks to add to its claims were issued on January 28, 2014 and August 5, 2014. Yet this motion was not filed until October 2, 2014, approximately two months after the last registration was issued, two months prior to trial, and well over a year after fact and expert discovery closed. See Opp'n at 2. Perhaps if Macy's had moved to supplement its claims in January after the first registration had been issued, the Court would have had time to grant additional discovery to address these issues. However it is now the eve of trial, and any opportunity to alleviate the potential for prejudice is now gone. Accordingly, the motion must be DENIED.

Nonetheless, one issue remains. In its moving papers, Macy's also notes that "if permitted to supplement its Complaint, Macy's would take the opportunity to simplify and remove claims originally asserted against the defendant . . . ." Mot. at 3. Strategic Marks appears to have no objection to that, and in fact notes that

it relied on Macy's assurances at the pretrial conference that Macy's would do just that. Accordingly, if Macy's still wishes to simplify and remove claims which it no longer intends to pursue, the Court GRANTS that request.

## V.   CONCLUSION

Because Macy's moved to add these claims "so late in the day," the Court finds that Strategic Marks will be unduly prejudiced by Macy's proposed supplemental complaint. See Walker v. United Parcel Serv., Inc., 240 F.3d 1268 (10th Cir. 2001). Accordingly, Macy's motion to supplement its complaint to add the federal registration of the A&S Marks is DENIED. Nonetheless, the Court GRANTS leave for Macy's to simplify and remove claims it no longer wishes to assert against Strategic Marks.

IT IS SO ORDERED.

Dated: November 20, 2014

_____
UNITED STATES DISTRICT JUDGE

7