IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MACY'S, INC. and MACYS.COM, INC.,<br><br>    Plaintiffs,<br><br>    v.<br><br>STRATEGIC MARKS, LLC,<br><br>    Defendant. | Case No. 11-6198 SC<br><br>ORDER ON MOTIONS IN LIMINE AND TRIAL PREPARATION |

## I. INTRODUCTION

The Court held a final pretrial conference in this matter on December 2, 2014. Having reviewed the parties' submissions, the Court concludes the case is not ready for trial. Accordingly, the trial set to begin on December 8, 2014 is hereby VACATED. At the pretrial conference, the Court ruled orally on the parties' motions in limine. Now the Court writes to clarify the specific issues with the parties' pretrial filings, the steps necessary to assure the Court that the case is ready for trial, and to memorialize the rulings on motions in limine.

///
///

## II. DISCUSSION

### A. Jury Instructions

First, as the Court noted at the hearing, the parties' current "joint" jury instructions are unacceptable. The problems with the instructions are four-fold. First, the instructions are presented in a disorganized and sometimes nonsensical order. Second, they are too lengthy and numerous to be effectively presented and understood by the jury, given the relative simplicity of this case. Third, there are issues with the contents of the instructions. Fourth, the instructions are not truly "joint," because there are six instructions on which the parties disagree in whole or in part.

First, after reviewing these instructions the Court can only conclude that the parties simply assembled every potentially relevant model instruction they could find, put them in the first order that came to mind, and then submitted them to the Court. For example, the Court cannot understand why the burdens of proof should be saved for last, why trademark infringement (of all the causes of action) is explained last when it is the centerpiece of this case, and why abandonment is explained ten instructions before trademark infringement. Similarly, as to the number of instructions, the Court does not see why at least twelve separate instructions are necessary to explain to the jury what evidence is and how to weigh it, when three or four consolidated and simplified instructions would do the same job.

Furthermore, there are issues with the content of the proposed instructions as well. For instance, the summary of the parties' contentions contains several typographical errors, is likely to be largely duplicative of the parties' opening statements, uses

unnecessary jargon (for instance referring to the "USPTO" with no explanation of what the acronym means, and treating the terms "trademark" and "mark" interchangeably without explaining to the jury that they are synonymous), and is otherwise overly complicated.  Similarly, the "outline of trial" instruction is needlessly long and complicated.  The entire contents of the instruction could easily be distilled down to the following, simple instruction:

> The trial will now begin.  Each side will make an opening statement.  This is a statement by the lawyers, and as a result it is not evidence.  Instead, it is just a sketch of what the party intends to prove.  Next each side will question its witnesses, and the lawyers for the other side will cross-examine them.
> After all the witnesses have testified, the lawyers will present closing arguments.  Once again this will not be evidence, but rather an attempt to explain what you have heard over the course of the trial.
> I will then give you final instructions.  These instructions will set forth the law governing the case, and you will then go to the jury room with a copy of the instructions, your notes, and the evidence admitted at trial, to deliberate on your verdict.

This instruction is 137 words and communicates the same ideas as the parties' bloated and unnecessarily confusing 498 word instruction.  Again, this leads the Court to conclude that no effort was made by the parties to consolidate duplicative instructions or to trim excessively long instructions.

 The Court recognizes that the parties largely relied on model jury instructions in assembling their proposal, but it is not enough to simply assemble every potentially relevant model instruction and insert the relevant facts.  For one, blind reliance on model instructions ignores decades of research recognizing that model instructions are imperfect, and often a barrier to juror

comprehension.  See Nancy S. Marder, Bringing Jury Instructions Into the Twenty-First Century, 81 Notre Dame L. Rev. 449, 454-458 (2006) (summarizing the extensive research into comprehension of jury instructions).  Furthermore, reading fifty pages containing more than 8,000 words of instructions will take a substantial amount of time, and likely prove impossibly taxing for even the most conscientious juror's attention span.  See id. at 452 ("Imagine a lecture that proceeded over the course of several hours, contained foreign words and difficult concepts, and was delivered in a somber manner befitting the task but that was hardly engaging.  It is not a surprise that the form and substance of jury instructions pose a challenge for jurors.").  These issues are avoidable here.  This is a relatively simple case involving only three causes of action and seven or eight trademarks.  Even if complex and lengthy jury instructions are sometimes unavoidable, that is not the case here.  Instead, assembling direct and concise instructions explaining the mechanics of the trial, the burdens of proof, and the necessary legal issues related to each claim should not be too challenging.

Accordingly, the Court ORDERS the parties to meet and confer and submit revised, simplified, and carefully assembled (and proofread) joint jury instructions.  "Joint" in this instance means that absolutely all efforts have been made to resolve the disagreements currently included in instructions numbers 35, 37, 42, 43, 44, and 45.  The parties shall submit these proposed instructions by Tuesday, December 23, 2014.  At the same time the parties shall submit new proposed trial dates for January or

///

United States District Court
For the Northern District of California

February. If no dates are possible in January or February then the parties shall submit the soonest possible proposed dates.

**B. Motions in Limine**

The Court also writes to briefly memorialize its oral rulings on the motions in limine. Macy's filed seven such motions, four of which were unopposed. The Court GRANTS the four unopposed motions, motions in limine numbers 2, 3, 4, and 7. As to the remaining three opposed motions by Macy's, and Strategic Marks' three opposed motions in limine, the Court ORDERS as follows:

- Macy's motion in limine number one, to preclude testimony, exhibits, or argument as to revenues and profits of Macy's is GRANTED IN PART. This evidence will be admissible as to Macy's alleged goodwill, intent to resume use of the disputed marks, damages, and the issue of reverse confusion. Otherwise it is inadmissible as irrelevant and unduly prejudicial. Fed. R. Evid. 402; 403.
- Macy's motion in limine number five, to exclude newspaper articles and internet sources is GRANTED IN PART. The newspaper articles, blog posts, and other sources are inadmissible out of court statements offered for the truth of the matters asserted. Fed. R. Evid. 801(c); see also Larez v. City of Los Angeles, 946 F.2d 630, 641-42 (9th Cir. 1991). The only exception is Macy's press releases, which are admissible opposing party's statements. Fed. R. Evid. 801(d)(2)(C)-(D).
- Macy's motion in limine number six, to exclude the exhibits to and declaration of John Pupek is GRANTED IN PART. The statements contained in Mr. Pupek's declaration, and the

purported letter to Macy's, are inadmissible hearsay.  Fed. R. Evid. 801(c).  The articles attached to Mr. Pupek's declaration are admissible as they are not offered for the truth of the matters asserted.  Id.

- All three of Strategic Marks' motions in limine are DENIED. The motions are untimely under the Court's trial preparation order, ECF No. 124, at 3, and improperly seek to resolve dispositive issues of law.  See Hana Fin., Inc. v. Hana Bank, 735 F.3d 1158, 1162 n.4 (9th Cir. 2013), cert. granted, 134 S. Ct. 2842 (2014).  Macy's cross motions seeking reimbursement for fees incurred in responding to the motions under 28 U.S.C. Section 1927 are DENIED.

### III. CONCLUSION

For the reasons set forth above, the Court hereby orders the parties to file by December 23, 2014 revised joint proposed jury instructions and a statement listing available trial dates in January and February.  If no such dates can be found, the parties shall provide the first available trial dates.

IT IS SO ORDERED.

Dated: December 3, 2014

_____
UNITED STATES DISTRICT JUDGE

6